[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 25, 2000
THOMAS K. KAHN
CLERK

No. 00-10259
Non-Argument Calendar

————————————————

D.C. No. 99-00273CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRITZ NOEL,
a.k.a. Noel Fritz,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————
**(October 25, 2000)**

Before COX, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

In this appeal, we consider, as a question of first impression in this circuit, whether a civil detention preceding deportation triggers rights under the Speedy Trial Act. The appeal also presents the question of whether the appellant's civil detention offended either Federal Rule of Criminal Procedure 5(a) or the due process clause of the Constitution. We answer all questions in the negative.

Appellant Fritz Noel, a native and citizen of Haiti, was deported from the United States in 1997 for having committed an aggravated felony. In 1998, Noel illegally reentered the United States. Shortly thereafter, Noel began serving a sentence based on another conviction, and the Florida Department of Corrections notified the Immigration and Naturalization Service ("INS") that Noel was a deportable alien; the INS promptly lodged a detainer against him.

On March 7, 1999, Noel was committed to the custody of the INS pursuant to the detainer to begin deportation proceedings. On March 31, 1999, the INS confirmed Noel's prior deportation and reinstated his earlier deportation order. On April 15, 1999, a federal grand jury returned an indictment charging Noel with illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326(a). Noel was arrested on April 22 and made his initial appearance before a magistrate judge that same day. Asserting a violation of the Speedy Trial

2

Act, 18 U.S.C. §§ 3161-74, Noel moved to dismiss the indictment.[1]  The district court denied the motion and Noel entered a conditional guilty plea.

On appeal, Noel challenges his indictment on the grounds that: (1) it violated his rights under the Speedy Trial Act; (2) it violated Federal Rule of Criminal Procedure 5(a); and (3) it violated Noel's due process rights under the Fifth Amendment.  When a Speedy Trial Act violation is alleged, we review the district court's factual findings for clear error and its legal conclusions *de novo*.  See Yapp v. Reno, 26 F.3d 1562, 1565 (11th Cir. 1994).  We review legal questions concerning the Rules of Criminal Procedure and the Constitution *de novo*.  See United States v. Beach, 113 F.3d 188, 189 (11th Cir. 1997) (rules of criminal procedure); United States v. Van de Walker, 141 F.3d 1451, 1452 (11th Cir. 1998) (constitutional claims).  We conclude that none of Noel's claims have merit.

First, Noel's indictment did not run afoul of the Speedy Trial Act.  Noel bases his argument on the presumption that he was arrested on March 7, 1999, when his INS custody began.  However, "the time period for the Speedy Trial Act should begin to run only after an individual is 'accused,' either by an arrest and

---

[1] Noel's motion relied on the Act's provision that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."  18 U.S.C. § 3161(b) (2000).

3

charge or by an indictment." United States v. Sayers, 698 F.2d 1128, 1131 (11th Cir. 1983). Noel was not charged with violating 8 U.S.C. § 1326(a) until April 15; his initial appearance before a federal magistrate followed one week later on the date of his arrest, thus Noel's Speedy Trial rights were not violated. See United States v. Reme, 738 F.2d 1156, 1162 (11th Cir. 1984) (although defendant was detained by INS on October 21, the Speedy Trial Act was not triggered until the following July when defendant was served by the U.S. Marshal with a warrant issued pursuant to the indictment).

In addition, because INS detentions preceding deportation are civil in nature, they do not trigger the Speedy Trial Act. Although this court has not had occasion to address this issue, all the circuit courts to do so have reached the same conclusion. See United States v. De Le Pena-Juarez, 214 F.3d 594, 598 (5th Cir. 2000); United States v. Grajales-Montoya, 117 F.3d 356, 366 (8th Cir. 1997); United States v. Cepeda-Luna, 989 F.2d 353, 355-56 (9th Cir. 1993). We now join these circuits in holding that the Speedy Trial Act does not apply to routine INS detentions incident to deportation.

Although routine INS detentions incident to deportation do not trigger the Speedy Trial Act, a contrary result may be warranted when detentions are used by the government, not to effectuate deportation, but rather as "mere ruses to detain a

4

defendant for later criminal prosecution." Cepeda-Luna, 989 F.2d at 357; see also De La Pena-Juarez, 214 F.3d at 598-99 (applying same exception); Grajales-Montoya, 117 F.3d at 366 (same); United States v. Restrepo, 59 F. Supp. 2d 133, 137-38 (D. Mass. 1999) (same); United States v. Vasquez-Escobar, 30 F. Supp. 2d 1364, 1367-68 (M.D. Fla. 1998) (same); United States v. Okuda, 675 F. Supp. 1552, 1554-55 (D. Haw. 1987) (same). We agree with the Fifth Circuit's recent decision that this exception will provide protection for detained aliens, but that the exception should only be applied when "the defendant demonstrates that the primary or exclusive purpose of the civil detention was to hold him for future criminal prosecution." De La Pena-Juarez, 214 F.3d at 598.

Noel has presented no evidence that his detention was a ruse. What evidence there is suggests rather that the INS actively pursued deportation action against Noel during his custody. Noel's reliance on Vasquez-Escobar is therefore unavailing; in that case the government conceded that it did nothing to advance the defendant's deportation during his lengthy detention. See 30 F. Supp. 2d at 1368. Because there is no evidence that Noel's detention served any purpose other than facilitating his deportation, the passage of thirty-nine days from the beginning of his civil detention to the issuance of the indictment did not violate the Speedy Trial Act.

Nor did Noel's indictment violate Federal Rule of Criminal Procedure 5(a). That rule provides, in pertinent part, that "an officer making an arrest under a warrant issued upon a complaint . . . shall take the arrested person without unnecessary delay before the nearest available federal magistrate judge." Fed. R. Crim. P. 5(a). In this case, Noel was indicted on April 15, arrested and taken before a magistrate on April 22, and arraigned on April 27. There was no unnecessary delay. To the extent Noel's argument is predicated on the premise that he was arrested on March 7 when the INS took custody of him, it must fail. As we stated earlier, detentions attendant to deportation proceedings are civil in nature; they do not implicate Rule 5(a), which only governs criminal arrests. See Cepeda-Luna, 989 F.2d at 358; United States v. Encarnación, 56 F. Supp. 2d 151, 155 (D.P.R. 1999).

Finally, Noel's indictment did not interfere with his due process rights. Although aliens are protected under the Fifth Amendment's guarantee of due process, see Wong Wing v. United States, 163 U.S. 228, 238, 16 S. Ct. 977, 981 (1896), routine INS detentions do not offend due process. Deportation detentions do not serve to punish those detained, but merely to facilitate the deportation process. See INS v. Lopez-Mendoza, 468 U.S. 1032, 1038-39, 104 S. Ct. 3479, 3483 (1984). Noel concedes the propriety of detentions necessary to effectuate

6

deportation, but he argues that those detentions rise to the level of punishment when they exceed the time needed for that purpose. See Vasquez-Escobar, 30 F. Supp. 2d at 1370. In Noel's case, however, there is no evidence that the thirty-nine-day detention served any purpose other than effectuating his deportation, nor that the detention was longer than necessary.[2]

For the above reasons, we AFFIRM the conviction.

---

[2] Noel suggests that "[b]ased on the government's similar actions in other recent cases, there appears to be a pattern or policy of holding arrestees . . . for extensive periods of time before bringing them to federal court for an initial appearance." Appellant's Br. at 19 n.3. This statement, and the accompanying citation to cases, does not provide a sufficient basis for us to conclude that the INS's detention of Noel was punitive and violative of due process. In addition, the district court noted that some of the delay was caused by Noel's promise to assist the INS by providing his Haitian passport, and the subsequent time taken to obtain it.