[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 08 2001
THOMAS K. KAHN
CLERK

_____

No. 00-10768
Non-Argument Calendar

_____

D. C. Docket No. 99-CR-00568-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WADE ANTHONY DRUMMOND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 8, 2001)**

Before EDMONDSON, HULL and FAY, Circuit Judges.

PER CURIAM:

Wade Anthony Drummond ("Drummond") appeals a conviction and 77-month sentence imposed for his attempt to re-enter the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). Drummond argues that the district court erred when it denied his motion to dismiss the indictment on speedy trial grounds and

when it applied a 16-level sentencing enhancement based on the finding that Drummond was previously convicted of an aggravated felony.

In considering the district court's determination that Drummond's speedy trial rights were not violated, we review factual findings for clear error and conclusions of law de novo. United States v. Taylor, 487 U.S. 326, 337 (1988). We review the applicability of the U.S.S.G. § 2L1.2(b)(1)(A) aggravated felony enhancement de novo. United States v. Fuentes-Barahona, 111 F.3d 651, 652 (9th Cir. 1997). Issues of constitutional law are subject to plenary review. United States v. Lawson, 809 F.2d 1514, 1517 (11th Cir. 1987). Upon review of the record and the parties' briefs, we find no reversible error.

Drummond is a native and citizen of Jamaica who was deported from the United States on September 24, 1998. On December 11, 1998, he attempted to re-enter the United States by presenting a revoked resident alien card at the Miami International Airport. He was detained by the Immigration and Naturalization Service ("INS") at that time and transported to the Krome Detention Center in Miami, Florida. Almost two months later, on February 4, 1999, a criminal complaint was filed and a warrant issued for Drummond's arrest on charges of illegal re-entry into the country after deportation. Drummond was then indicted on February 9, 1999, on a single

charge of attempted re-entry into the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2).

Drummond filed a motion to dismiss the indictment, arguing that the United States had violated his speedy trial rights under 18 U.S.C. § 3161, et seq., by not indicting him within thirty days of his arrest and detention by INS officials. The United States did not oppose the motion, and the district court dismissed the indictment on August 3, 1999.[1] The United States re-indicted Drummond on the identical charge nine days later, and he filed a second motion to dismiss on speedy trial grounds. The district court denied the motion, finding that his arrest by immigration officials was an administrative or civil detention that did not implicate the Speedy Trial Act.

After a bench trial, Drummond was convicted of violating 8 U.S.C. § 1326(a) and (b)(2). At his sentencing, the district court imposed a 16-level enhancement on Drummond's offense level based on a finding that a prior conviction in New York

---

[1]Although the Order dismissing the indictment against Drummond did not specifically state whether the dismissal was with or without prejudice, it appears that the indictment was dismissed based on the government's agreement that it be dismissed without prejudice. The Order of dismissal provided that the government had "no objection to the court granting the motion without prejudice." Moreover, the district court, in its subsequent Order denying Drummond's motion to dismiss the second indictment, stated that the factors outlined in 18 U.S.C. § 3162(a)(1) weighed in favor of a finding that the first indictment was dismissed without prejudice. Drummond has not challenged this finding on appeal.

state court for menacing qualified as an aggravated felony as defined in 8 U.S.C. § 1101(a)(43). Drummond appeals both the district court's denial of his motion to dismiss indictment on speedy trial grounds and the 16-level sentencing enhancement.

Drummond argues on appeal that the district court's determination that his detention at Krome was an "administrative hold" that did not trigger the running of the speedy trial clock was contrary to the law. Under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., federal authorities must indict an incarcerated individual within 30 days of his arrest in connection with the offenses specified in the indictment.[2] More than 30 days elapsed from the time Drummond was initially detained to the time he was indicted. Drummond contends that because he was arrested and detained by INS officials for the identical reason for which he was later indicted, i.e., for illegally re-entering the United States after deportation, the thirty-day requirement in the Speedy Trial Act runs from the date of his INS arrest and detention. We are not persuaded.

We recently considered and rejected similar arguments in United States v. Noel, 231 F.3d 833 (11th Cir. 2000). In Noel, the defendant/appellant was taken into

---

[2]The Act provides in relevant part, that:

Any . . . indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

18 U.S.C. § 3161(b).

custody by the INS after illegally reentering the United States following deportation. More than thirty days elapsed from the time of his initial detention before a federal grand jury returned an indictment against the defendant charging him with illegally reentering the country in violation of 8 U.S.C. § 1326(a). The defendant moved to dismiss the indictment on speedy trial grounds, arguing that he was "arrested" for speedy trial purposes on the date he was detained by the INS. The district court rejected his argument and we affirmed.

In rejecting the defendant's arguments, we determined as a matter of first impression in this Circuit that INS detentions preceding deportation are civil in nature and do not trigger rights under the Speedy Trial Act.[3] As such, the time period for the Speedy Trial Act begins to run only "after an individual is 'accused,' either by an arrest and charge or by an indictment." Id. Because the defendant in Noel had not been charged with violating 8 U.S.C. § 1326(a) at the time of his INS detention, the detention itself did not trigger the running of the Speedy Trial Act. Id. (citing United

---

[3]The language of the Speedy Trial Act also compels the conclusion that its provisions were not intended to apply to INS detentions. The text of the statute specifically provides that the Act's 30-day requirement applies to indictments issued in connection with the offense for which a defendant was arrested. 18 U.S.C. § 3162(b). The Act further defines "offense" as any federal criminal offense. 18 U.S.C. § 3161(b). An arrest and detention pursuant to a deportation proceeding is not an arrest for a federal criminal offense; rather it is a purely civil action to determine eligibility to remain in this country, even though the act of entering and remaining unlawfully in this country is itself a federal offense. INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984).

States v. Reme, 738 F.2d 1156, 1162 (11th Cir. 1984)(although defendant was detained by INS on October 21, the Speedy Trial Act was not triggered until the following July when defendant was served with a warrant issued pursuant to the indictment)).  See also United States v. Cepeda-Luna, 989 F.2d 353, 355-56 (9th Cir. 1993)(Speedy Trial Act's 30-day requirement does not apply when initial detention was civil in nature and federal criminal charges were not filed at the time of the INS detention).

Similarly, in the instant case, Drummond was not charged with violating 8 U.S.C. § 1326(a) and (b)(2) at the time of his initial detention by the INS.  Rather, INS officials took him into custody to await deportation proceedings.  Because the detention was civil in nature and federal criminal charges were not filed at that time, we cannot apply the 30-day requirement of the Speedy Trial Act from the moment Drummond was civilly arrested on December 11, 1998.  It was only after Drummond was arrested in connection with the criminal charge for which he was actually indicted that the time limits of the Speedy Trial Act were triggered.  Accordingly, there is no violation of the Speedy Trial Act.

We have recognized a limited exception to the rule that INS detentions are civil in nature and do not trigger the Speedy Trial Act.  While routine INS detentions incident to deportation will not trigger the Speedy Trial Act, a contrary result may be

6

warranted when deportations are used by the government as "mere ruses to detain a defendant for later criminal prosecution." Noel, 231 F. 3d at ---; Cepeda-Luna, 989 F.2d at 357. To invoke this exception, however, we have placed the burden on the detainee to establish that the "primary or exclusive purpose of the civil detention was to hold him for future prosecution." See Noel, 231 F.3d at ---. Drummond has produced no evidence in this action to demonstrate that his civil detention was a ruse to hold him for later prosecution or that the detention served any purpose other than to facilitate his deportation.

We turn now to Drummond's argument that the district court erred by applying a 16-level enhancement to his offense level based on the court's finding that Drummond was previously convicted of an aggravated felony. Section 2L1.2(b)(1)(A) of the Sentencing Guidelines allows for a 16-level enhancement when a defendant who unlawfully enters the United States has previously been deported after being convicted of an aggravated felony. The application notes for this provision adopt the definition of "aggravated felony" provided at 8 U.S.C. § 1101(a)(43), which includes "crime of violence . . . for which the term of imprisonment [sic] at least one year. . .."

According to the PSI, Drummond had a prior conviction in a New York state court for menacing, a Class A misdemeanor with a maximum of one year's

imprisonment under New York law, for which he was actually sentenced to one year of imprisonment. Based on his prior conviction for menacing, the district court enhanced Drummond's base offense level in accordance with 2L1.2(b)(1)(A).

Although Drummond argues that it is unclear whether his prior conviction for menacing falls within the statutory definition of aggravated felony, i.e., a crime of violence for which the term of imprisonment is at least one year, we have little trouble in so concluding. "Crimes of violence" include offenses that have as an element the use, attempted use, or threatened use of physical force against the person or property or another. 18 U.S.C. § 16. A person is guilty of menacing under New York law when he intentionally places or attempts to place another in fear of physical injury, serious injury, or death by displaying a deadly weapon or instrument. N.Y. STAT. §

120.14.[4]  The undisputed facts underlying Drummond's menacing conviction are as

follows:

> On May 28, 1997, the defendant attempted to throw his wife off a second
> floor balcony.  On May 29, 1997, the defendant again threatened to do
> harm to his wife and children.  According to the police report, on July 9,
> 1997, the defendant held a firearm to his girlfriend's head and threatened
> to kill her and the kids if she opened the door and called police.

We are convinced that Drummond's prior conviction for menacing clearly

satisfies the "crime of violence" component of the definition of aggravated felony.

Moreover, we have held that for purposes of § 2L1.2(b)(1)(A), the length of the

sentence actually imposed determines whether crimes of violence constitute

---

[4]Specifically, New York Penal Law Section 120.14 provides that a person is guilty of
menacing when:

> 1.  He or she intentionally places or attempts to place another person in
> reasonable fear of physical injury, serious physical injury or death by displaying a
> deadly weapon, dangerous instrument or what appears to be a pistol, revolver,
> rifle, shotgun, machine gun or other firearm; or

> 2.  He or she repeatedly follows a person or engages in a course of conduct or
> repeatedly commits acts over a period of time intentionally placing or attempting
> to place another person in reasonable fear of physical injury, serious physical
> injury, or death;

> 3.  He or she commits the crime of menacing in the third degree in violation of
> that part of a duly served order of protection, or such order which the defendant
> has actual knowledge of because he or she was present in court when such order
> was issued, pursuant to article eight of the family court act, section 530.12 of the
> criminal procedure law, or an order of protection issued by a court of competent
> jurisdiction in another state, territorial or tribal jurisdiction; which directed the
> respondent to stay away from the person or persons on whose behalf the order
> was issued.

9

aggravated felonies.  <u>United States v. Maldonado-Ramirez</u>, 216 F.3d 940, 944 (11th Cir. 2000); <u>United States v. Guzman-Bera</u>, 216 F.3d 1019, 1020 (11th Cir. 2000). Because Drummond was sentenced to a year imprisonment, the New York conviction for menacing qualified as an aggravated felony, and the district court did not err in applying the 16-level sentencing enhancement.

AFFIRMED