[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11712
Non-Argument Calendar

_____

D. C. Docket No. 04-10036-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANTONIO DIAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 29, 2005)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jose Antonio Diaz appeals his conviction for attempting to smuggle an

illegal alien into the United States, in violation of 8 U.S.C. § 1324(a)(2)(A),

arguing (1) that his Fifth and Sixth Amendment due process rights were violated

when the government delayed his first appearance to repatriate potential defense

witnesses in Cuba, and (2) that the district court abused its discretion in failing to

conduct an evidentiary hearing to determine if the government acted deliberately to

deprive Diaz of his rights to compulsory due process.

Diaz first argues that the district court erred in failing to dismiss his

indictment on account of the government's deliberate delay in presenting him to a

magistrate that allowed it to repatriate all the potential defense witnesses without

making a good faith evaluation of their potential testimony. We review a district

court's denial of a motion to dismiss an indictment for abuse of discretion. United

States v. Waldon, 363 F.3d 1103, 1108 (11th Cir.), cert. denied, 125 S.Ct. 208

(2004). The U.S. Constitution provides that "[i]n all criminal prosecutions, the

accused shall enjoy the right . . . to have compulsory process for obtaining

witnesses in his favor . . . ." U.S. Const., amend. VI. More than the mere absence

of testimony is necessary to establish a violation of the right. United States v.

Valenzuela-Bernal, 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193

(1982). A defendant must make some plausible showing of how the testimony

would have been both material and favorable to his defense. Id. Evidence is

material if there is a reasonable likelihood that it would have affected the judgment of the trier of fact. United States v. Bagley, 473 U.S. 667, 681-82, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1984).

Federal courts possess authority to dismiss an indictment in the case of governmental misconduct. United States v. Michael, 17 F.3d 1383, 1386 (11th Cir. 1994) (citations omitted). However, this is a disfavored remedy and should only be utilized in the most egregious of cases. Id. (citations omitted).

Upon review of the record and consideration of the parties' briefs, we find no reversible error. The burden of showing that a repatriated witness had exculpatory testimony rested with Diaz, and he failed to meet it. The fact that some of the Cuban nationals believed that they were traveling all the way to the United States on one vessel instead of two was not exculpatory. Such testimony does not undermine the fact that Diaz retrieved 15 Cuban nationals from an island in the Bahamas and was attempting to transport them to the United States. Further, in light of Diaz, and the other accused smugglers' admissions that they were smuggling family members into the United States, as well as the fact that many of those retrieved were relatives of the accused smugglers, there is not a reasonable likelihood that this testimony would have affected the judgment of the trier of fact so that it would have found the meeting at sea to be a rescue of a sinking vessel,

which coincidentally carried their families.

Next, Diaz argues that the district court abused its discretion when it failed to conduct an evidentiary hearing to determine whether the government acted deliberately to delay Diaz's appearance before a magistrate. We review the district court's refusal to conduct an evidentiary hearing for abuse of discretion. See United States v. Stitzer, 785 F.2d 1506, 1514 (11th Cir. 1986). In determining whether there has been a violation of Rule 5(a) of the Federal Rules of Criminal Procedure, which relates to initial appearances, we must look at the reason for the delay. See United States v. Purvis, 768 F.2d 1237, 1239 (11th Cir. 1985). However, a delay of a week between an arrest and first appearance has been held to not be a violation, even when that arrest follows a lengthy detention by the INS [now Department of Homeland Security]. United States v. Noel, 231 F.3d 833, 837 (11th Cir. 2000). Also, routine detentions by the INS do not trigger the Speedy Trial Act, however, such detentions can run afoul of the law when the primary or exclusive purpose is criminal prosecution. Id. (citations omitted). The party seeking an evidentiary hearing on the government's motive must present some evidence, as generalized allegations of misconduct are not sufficient to warrant a hearing. See Wade v. United States, 504 U.S. 181,186, 112 S.Ct. 1840, 1844, 118 L.Ed.2d 524 (1992) (substantial assistance sentencing motion).

Diaz proffered evidence of other defendants in the district court's recent history who had been accused of similar crimes and whose detention periods before their first appearances were shorter than his. The government stated that Diaz was held in administrative detention while it was seeking guidance from the National Security Council ("NSC") on how to proceed regarding his codefendant, Ruben-David Gomez-Borosso. Diaz did not contest that the Coast Guard needed authorization to bring Gomez-Borosso into the United States, or that Diaz was a permanent resident alien who could be subject to administrative detention. He did not even assert that the other cases involved administrative detentions contingent on NSC clearance. He only alleged an improper motive on the part of the prosecution based on the possible existence of a new Justice Department policy, of which he offered no proof. Thus, the district court did not abuse its discretion in denying his motion for an evidentiary hearing.

**AFFIRMED.**