[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-10828
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 4, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 00-00091-CV-WS

JAMES J. WEAVER,

Plaintiff-Appellant,

versus

THE SCHOOL BOARD OF LEON COUNTY,

Defendant,

SCHOOL BOARD OF LEON COUNTY,

Defendant-Appellee.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Florida
----------------------------------------------------------------

**(April 4, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and BARKETT, Circuit
Judges.

PER CURIAM:

James J. Weaver appeals pro se the district court's denial of his motion to vacate or modify a permanent injunction. In denying Weaver's motion, the district court restricted Weaver's ability to later challenge the injunction. No reversible error has been shown; we affirm.

The instant appeal arises from years of litigation over what Weaver alleged was the School Board of Leon County's discriminatory and retaliatory refusal to hire or reinstate him. Weaver unsuccessfully litigated the merits of his case in the district court and in this Court. After Weaver filed a Fed.R.Civ.P. 60(b) motion for relief from judgment, the Board successfully moved for Fed.R.Civ.P. 11 sanctions and injunctive relief. In 2001, the district court denied Weaver's Rule 60(b) motion and enjoined Weaver from filing another lawsuit alleging discrimination by the Board until (1) he paid the Board's attorney's fees in defending against the Rule 60(b) motion and (2) he attached to a new discrimination complaint affidavits from others "setting forth competent evidence of discrimination." This Court dismissed Weaver's appeal of the injunction as frivolous.[1]

_____

[1] In a separate appeal, this Court affirmed the district court's fee sanction to the Board.

On 22 December 2004, Weaver moved to vacate or modify the 2001 injunction. The Board opposed this motion on 3 January 2005 and requested the district court to prevent Weaver from challenging the injunction "unless represented by a member of the bar of this [c]ourt." On 14 January, 2005, the district court denied Weaver's motion and stated that Weaver was enjoined from filing further motions to lift the 2001 injunction "unless such motions are signed by a member of the bar of this court." Weaver appeals the 14 January 2005 order.

Weaver argues that the district court violated his due process rights by imposing a new restriction on his ability to file pleadings in his discrimination suit without giving him notice or an opportunity to respond. Also, Weaver argues that the new restriction is an extreme remedy that violates his right of meaningful access to the courts and his right to self-representation under 28 U.S.C. § 1654. Weaver then maintains that the Board did not show that the requested injunction was necessary to prevent irreparable injury. Weaver further asserts that the district court erred by failing to specify the reasons behind the 14 January 2005 order.[2]

---

[2] Weaver mentions that "[t]he propriety of the District Court denying . . . Weaver's complete motion to vacate or modify is an issue raised by this appeal." Weaver includes no substantive argument on why the district court should have granted his motion. This issue is abandoned. See Irwin v. Hawk, 40 F.3d 347 & n.1 (11th Cir. 1994) (noting that pro se litigant abandons issue by failing to challenge it on appeal).

3

This Court reviews a district court's grant of injunctive relief for abuse of discretion and will affirm unless the district court made a clear error of judgment or applied an incorrect legal standard. See SunAmerica Corp. v. Sun Life Assurance Co. of Canada, 77 F.3d 1325, 1333 (11th Cir. 1996). And we review de novo questions of constitutional law. See United States v. Noel, 231 F.3d 833, 836 (11th Cir. 2000).

We conclude first that Weaver suffered no violation of his due process rights. Procedural due process requires notice and an opportunity to be heard before the government deprives a person of property or a liberty interest. See Zipperer v. City of Fort Myers, 41 F.3d 619, 623 (11th Cir. 1995). Meaningful access to the courts is a right of constitutional significance. See Morrissey v. Brewer, 92 S.Ct. 2593, 2600 (1972). Thus, before the district court imposed a restriction on Weaver's ability to challenge the 2001 injunction, Weaver was entitled to notice and an opportunity to be heard.

Our review of the record shows that Weaver received adequate notice and an opportunity to respond before the district court imposed the restriction. The Board requested injunctive relief in its response to Weaver's motion to vacate or amend the 2001 injunction. Weaver does not allege that he received no copy of the Board's response: the certificate of service on the response indicates that a

4

copy was sent by U.S. mail to Weaver's address. Ten days elapsed between the filing of the Board's response and the district court's 14 January 2005 order with the new restriction. The record does not show that Weaver sought the district court's leave to file a reply brief to the Board's response, or sought an extension of time to reply, during this period. See N.D. Fla. R. 7.1(C)(2) (requiring a party to obtain leave of court and to show good cause before filing a reply memoranda). And while the Northern District of Florida's local rules do not specify the time a party is allowed to reply to a motion, we cannot say that ten days is such an inadequate time to respond that Weaver suffered a violation of his procedural due process rights.

Next, we discern no abuse of discretion in the district court's grant of injunctive relief in the 14 January 2005 order. This injunction does not foreclose Weaver completely from access to the courts. See Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (stating that litigant can be restricted severely on what he may file but cannot be "completely foreclosed from any access to the court"). Instead, the 14 January 2005 order only restricts Weaver's ability to challenge the 2001 injunction order, which Weaver unsuccessfully appealed to this Court.

The requirement that Weaver have a member of the bar of the Northern District of Florida sign pleadings challenging the 2001 injunction violates neither Weaver's right of access to the courts nor his right to self-representation. This provision does not require that Weaver obtain representation of counsel, only that Weaver obtain the signature of a lawyer. And, we note that Weaver has a history of repeat filings in this case. See Procup, 792 F.2d at 1074 ("[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others"). The district court acted within its considerable discretion in fashioning the injunctive provision in the 14 January 2005 order.

Finally, we reject Weaver's argument that the district court gave insufficient reasons behind the entry of its order. See Fed.R.Civ.P. 65(d) (requiring an injunction order to set forth "reasons for its issuance," to be "specific in terms, and to "describe in reasonable detail . . . the act or acts sought to be restrained"). We "do not set aside injunctions under Rule 65(d) unless they are so vague that they have no reasonably specific meaning." Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188, 1203 (11th Cir. 2001) (citation omitted). The district court described in reasonable detail the act sought to be restrained: Weaver's further filing of motions challenging the 2001 injunction. Further, we read the 14 January

6

2005 order together with the 2001 injunction, which explained that the court was imposing the original sanction because of Weaver's history of frivolous filings and to protect the court from wasting more resources.[3]

In sum, the district court did not abuse its discretion in denying Weaver's motion to vacate or modify the 2001 injunction and, in so doing, imposing a restriction on Weaver's ability to challenge to the 2001 injunction.

AFFIRMED.

---

[3]Weaver also argues that the district court erred by not requiring the Board to post bond before the court entered the 14 January 2005 order. Although Weaver cites case law about Florida procedure rules for this proposition, we read this argument as implicating the bond requirement for restraining orders and preliminary injunctions set forth in Fed.R.Civ.P. 65(c). Rule 65(c) requires the injunction applicant to post security sufficient for payment of costs and damages as may be incurred or suffered by the party determined to have been enjoined wrongfully. First, we doubt that Rule 65(c) applies: this case involves a permanent, rather than a temporary, injunction. Regardless, Weaver points only to unspecified "irreparable injuries" he has received from the injunction. And he failed to move the district court to require the Board to post bond. Further, we uphold the district court's 14 January 2005 order: we necessarily determine that Weaver has not been enjoined wrongfully. We see no error in the district court's failure to require the Board to post bond before the court entered its 14 January 2005 order.