[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2006
THOMAS K. KAHN
CLERK

No. 05-10804
Non-Argument Calendar

_____

D. C. Docket No. 04-00028-CR-FTM-29DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRENCE DUBOSE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 27, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Terrence DuBose appeals the 240-month sentence imposed

following his guilty plea to conspiracy with intent to distribute 50 grams or more of cocaine base, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 846.

On appeal, Dubose argues that *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), was incorrectly decided and that his prior convictions, which the district court used to apply a career offender enhancement, should have been alleged in the indictment and proven beyond a reasonable doubt to a jury.

Dubose's position is precluded by our many decisions attesting to the continued validity of *Almendarez-Torres*. *See United States v. Greer*, 440 F.3d 1267, 1273 (11th Cir. 2006) ("As we have said several times, unless and until the Supreme Court specifically overrules *Almendarez-Torres*, we will continue to follow it."). Accordingly, we conclude that the district court did not err in using Dubose's prior convictions, which were not charged in his indictment, to apply a career offender enhancement to his offense level.

Dubose further argues on appeal that the district court erred by failing to attach anything to the PSI as required by Federal Rule of Criminal Procedure 32(i)(3)(C).

We review *de novo* legal questions concerning the Federal Rules of Criminal Procedure. *United States v. Noel*, 231 F.3d 833, 836 (11th Cir. 2000).

2

Federal Rule of Criminal Procedure 32(i)(3) provides that a sentencing court "must - for any disputed portion of the presentence report or other controverted matter - rule on the dispute or determine that a ruling is unnecessary . . . and must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons." Fed. R. Crim. P. 32(i)(3)(B), (C).

The record here demonstrates that the district court did not attach a written statement of its determinations to the presentence report. "The failure of the district court to append a written record of its findings is a ministerial matter, however, which can be remedied on remand without resentencing." *United States v. Kramer*, 943 F.2d 1543, 1553 (11th Cir. 1990).

For the above-stated reasons, we affirm Dubose's sentence, but remand the case to the district court for the limited purpose of attaching a copy of the sentencing hearing transcript to the presentence report.

**AFFIRMED AND REMANDED.**