[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12285
Non-Argument Calendar

_____

D. C. Docket No. 03-00105-CR-T-24MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONNELL HESTER,
WALLACE REED,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(September 18, 2006)

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Donnell Hester and Wallace Reed appeal their convictions for conspiring to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II) and 846; and possessing with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii)(II). Hester also appeals his conviction for possessing a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c). Hester and Reed have adopted each others' arguments on appeal. They argue the district court: (1) erred in denying their motions to strike the jury venire; (2) erred in denying their motions for judgment of acquittal and Hester's motion for a new trial; (3) violated their due process rights by interfering with Reed's defense witness; and (4) erred by failing, *sua sponte*, to declare a mistrial based on the Government "vouching" for its witness. Reed also argues his trial counsel provided ineffective assistance. We affirm.

## I. DISCUSSION

A.      *Motions to strike jury venire*

Reed first argues the underrepresentation of African-Americans in the jury venire prevented a fair cross-section of the community from sitting on the jury. Hester has adopted Reed's argument.

We review de novo constitutional challenges to the jury selection process. *United States v. Grisham*, 63 F.3d 1074, 1077 (11th Cir. 1995). The Supreme

2

Court has held while "petit juries must be drawn from a source fairly representative of the community," there is "no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particular composition." *Holland v. Illinois*, 110 S. Ct. 803, 808 (1990) (quotation omitted). A defendant claiming a violation of the fair-cross-section requirement has the burden of proving the underrepresented group: (1) is distinctive; (2) is systematically excluded from the jury source; and (3) its underrepresentation is unfair and unreasonable. *Berryhill v. Zant*, 858 F.2d 633, 638 (11th Cir. 1988).

Hester and Reed failed to prove a violation of the Sixth Amendment fair-cross-section jury-selection requirement. Although they identified a distinctive group in the community, African-Americans, they failed to present evidence that African-Americans are systematically underrepresented in the jury pool. Moreover, Hester and Reed acknowledged in the district court that they could not show bad will in the process as a whole, and in their briefs that the district court's jury-selection process is "widely accepted as fair, reasonable and [c]onstitutional."

B.      *Motions for judgment of acquittal and for a new trial*

Hester argues the evidence against him was insufficient as to all three counts and further argues the district court abused its discretion in denying his motion for

a new trial. Hester's arguments as to why the denial of his motion for a new trial should be granted are identical to those regarding the denial of his motion for a judgment of acquittal.[1]

As an initial matter, although Reed has adopted Hester's arguments, we have explained the fact-specific nature of an insufficiency of evidence claim requires independent briefing if we are to reach the merits of the defendant's claim. *United States v. Khoury*, 901 F.2d 948, 963 n.13 (11th Cir. 1990). A defendant's challenge to the sufficiency of the evidence should not be addressed on appeal in the absence of briefing, even though the defendant has adopted a co-defendant's arguments. *Id*. We thus do not address Reed's motion for judgment of acquittal.

We review a district court's denial of a motion for judgment of acquittal de novo, viewing the facts and drawing all inferences in the light most favorable to the Government. *United States v. Descent*, 292 F.3d 703, 706 (11th Cir. 2002). "[W]e need only determine that a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt." *Id.* (quotation omitted). "We review the denial of a motion for a new trial for abuse of

---

[1] Because Hester limits his motion for a new trial arguments to the same arguments he presented to support his motion for judgment of acquittal, he has abandoned all arguments raised below in his motion for a new trial. *See United States v. Ford*, 270 F.3d 1346, 1347 (11th Cir. 2001) ("[O]ur well established rule is that issues and contentions not timely raised in the briefs are deemed abandoned.").

4

discretion." *United States v. Hernandez*, 433 F.3d 1328, 1332 (11th Cir. 2005),

*cert. denied,* 126 S. Ct. 1635 (2006). "On a motion for a new trial based on the

weight of the evidence, the court need not view the evidence in the light most

favorable to the verdict. It may weigh the evidence and consider the credibility of

the witnesses." *Id.* at 1335 (quotation omitted). "If the court concludes that,

despite the abstract sufficiency of the evidence to sustain the verdict, the evidence

preponderates sufficiently heavily against the verdict that a serious miscarriage of

justice may have occurred, it may set aside the verdict, grant a new trial, and

submit the issues for determination by another jury." *Id.* (quotation omitted).

1.  *Conspiracy to possess with intent to distribute*

"To sustain a conviction for conspiracy to possess cocaine with intent to

distribute, the government must prove beyond a reasonable doubt that (1) an illegal

agreement existed; (2) the defendant knew of it; and (3) the defendant, with

knowledge, voluntarily joined it." *Hernandez*, 433 F.3d at 1333 (quotation

omitted). "Participation in a conspiracy can be inferred from a development and

collocation of circumstances." *Id.* "Although mere presence at the scene of a

crime is insufficient to support a conspiracy conviction, presence nonetheless is a

probative factor which the jury may consider in determining whether a defendant

was a knowing and intentional participant in a criminal scheme." *Id.* (quotation

5

omitted).  We have also noted "evidence of resistance to arrest and flight is admissible to demonstrate consciousness of guilt and thereby guilt." *Ventura v. Attorney Gen., Fla.*, 419 F.3d 1269, 1290 (11th Cir. 2005).

The evidence presented at trial showed:  (1) prior to the arrest of Dixon, Reed, and Hester, Collins had purchased drugs from three individuals on numerous occasions; (2) on January 5, 2003, Dixon, Reed, and Hester were in a vehicle that was stopped by police for speeding and contained $25,000; (3) on the day before the arrest, Collins bought a half-kilo of cocaine from Dixon, Reed, and Hester; (4) on the day of the arrest, January 30, 2003, Hester and Reed waited in the vehicle while Dixon brought the cocaine to Collins; and (5) the amount of cocaine recovered, 995 grams, was consistent with distribution, not personal use.  When the arrest occurred, Hester also fled and attempted to dispose of his gun.  Viewing the evidence in the light most favorable to the government, a reasonable jury could find Hester guilty of conspiracy to possess with intent to distribute beyond a reasonable doubt.  The district court did not err in denying Hester's motion for judgment of acquittal or his motion for a new trial as to the conspiracy count.

2.    *Possession with intent to distribute*

"To sustain a conviction for possession of a controlled substance with intent to distribute, the government must show that a defendant knowingly possessed the

6

controlled substance with the intent to distribute it." *Hernandez*, 433 F.3d at 1333 (quotation omitted). "The government may prove possession by showing actual or constructive possession." *Id.* "Constructive possession exists when a defendant has ownership, dominion, or control over an object itself or dominion or control over the premises or the vehicle in which the object is concealed." *Id.* "Intent to distribute may be inferred from the amount of [the drug] involved." *Id.*

The Government presented sufficient evidence to support the conclusion that Hester constructively possessed the cocaine with an intent to distribute it. Collins positively identified Hester as the third individual in the Miami Boys, who, along with Dixon and Reed, sold him a half-kilo of cocaine on the day before the arrest. On the day of the arrest, both Reed and Hester were in the vehicle with the cocaine. Also, the amount of cocaine, 995 grams, was sufficient to support a finding of an intent to distribute the drugs. Accordingly, a reasonable jury could find Hester guilty of the possession count, and the district court did not err in denying his motion for judgment of acquittal or his motion for a new trial.

3. *Possessing a firearm in furtherance of a drug crime*

To sustain a conviction under § 924(c), the government must show, during and in relation to the conspiracy to possess with intent to distribute cocaine, Hester used, carried, or possessed a firearm in furtherance of that conspiracy. *United*

*States v. Gunn*, 369 F.3d 1229, 1234 (11th Cir. 2004) (citing 18 U.S.C. § 924(c)). "The government must also establish some nexus between the firearm and the drug trafficking offense to show possession was in furtherance of the crime." *Id.*

Hester admitted the gun found at the scene of the crime was his, and several officers testified that they saw Hester carrying the gun and then toss it when he fled from the scene. Viewing the evidence in the light most favorable to the Government, a reasonable jury could find Hester guilty of carrying a firearm in furtherance of a drug transaction beyond a reasonable doubt. The district court did not err in denying his motion for judgment of acquittal or motion for a new trial.

C.    *Interference with a defense witness*

Reed argues the district court singled out Dixon to admonish him about possible perjury and obstruction of justice charges when no other witness was so admonished. Reed contends this resulted in judicial interference with his sole witness by having a chilling effect on that witness's testimony and violating Reed's due process rights. Hester has adopted Reed's argument.

We review questions of constitutional law de novo. *United States v. Noel*, 231 F.3d 833, 836 (11th Cir. 2000). "[A] criminal defendant has a constitutional right to present his own witnesses to establish a defense." *Unites States v. Terzado-Madruga*, 897 F.2d 1099, 1108 (11th Cir. 1990) (quotation omitted).

8

"Substantial interference with a defense witness' free and unhampered choice to testify violates due process rights of the defendant." *Demps v. Wainwright*, 805 F.2d 1426, 1433 (11th Cir.1986). "When such a violation of due process rights occurs, a court must reverse the conviction without regard to prejudice to the defendant." *Id.* For example, the Supreme Court has reversed a defendant's conviction where the "the judge's threatening remarks, directed only at the single witness for the defense, effectively drove that witness off the stand." *Webb v. Texas*, 93 S. Ct. 351, 353 (1972).

The court did not substantially interfere with Reed's right to present his witness. The court did not single out Dixon for perjury warnings; in fact, it specifically advised Hester and Reed as to the dangers of providing untrue testimony. The court explained it was advising Dixon of potential perjury issues because he, unlike Reed and Hester, had entered into a plea agreement and thus risked contradicting his plea colloquy with his trial testimony. Neither the Government nor the court made any threatening remarks to Dixon. Most importantly, Dixon was not hindered by the court's warnings because he testified.

D.    *Government "vouching" for its witness*

Reed argues the Government committed prosecutorial misconduct by vouching for Collins. Reed asserts the Government inaccurately contended in

9

closing arguments that Collins had no reason to lie since there was nothing the Government could do for him.

Because this issue was raised for the first time on appeal, we review it for plain error. *United States v. Rahim*, 431 F.3d 753, 756 (11th Cir. 2005), *cert denied*, 126 S. Ct. 1820 (2006). "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). "If all three conditions are met, we may exercise our discretion to recognize a forfeited error, but only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation omitted).

We reverse a defendant's conviction on the basis of prosecutorial misconduct only where the remarks "(1) were improper and (2) prejudiced the defendant's substantive rights." *United States v. Delgado*, 56 F.3d 1357, 1368 (11th Cir.1995). "When reviewing a defendant's 'vouching' claim, we examine whether (1) the prosecutor placed the prestige of the government behind the witness by making explicit personal assurances of the witness's credibility, or (2) the prosecutor implicitly vouched for the witness's credibility by implying that evidence not formally presented to the jury supports the witness's testimony." *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1177-78 (11th Cir. 2006). "The

prohibition against vouching does not forbid prosecutors from arguing credibility, which may be central to the case; rather, it forbids arguing credibility based on the reputation of the government office or on evidence not before the jury." *United States v. Hernandez*, 921 F.2d 1569, 1573 (11th Cir. 1991).

The district court did not plainly err by failing, *sua sponte*, to declare a mistrial based on the Government's allegedly vouching for Collins during its closing argument. The Government did not argue Collins's credibility based on the Government's reputation, but based on his having "nothing to gain" by testifying about his prior drug deals. Moreover, the Government's argument was based on evidence before the jury since both Collins and Mosley had testified as to Collins' agreement with the Government, and the court informed the jury to disregard the Government's statement as to when Collins would complete his current prison term.

E.    *Ineffective assistance of trial counsel*

Finally, Reed argues his counsel provided ineffective assistance. Although Hester adopted all of Reed's arguments, he presented no arguments as to the ineffectiveness of his counsel or explained how Reed's arguments applied to his counsel. Thus, we do not review an ineffective assistance of counsel claim on Hester's behalf.

11

As for Reed's claim, we generally do not review claims of ineffective assistance of counsel raised on direct appeal when the district court did not entertain the claim or develop a factual record. *Massaro v. United States*, 123 S. Ct. 1690, 1694 (2003); *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). Because the record is not sufficiently developed as to Reed's ineffective-assistance-of-counsel claim, we decline to consider it on direct appeal, without prejudice to his ability to raise it later in a 28 U.S.C. § 2255 motion.

**AFFIRMED.**