[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 8, 2007
THOMAS K. KAHN
CLERK

No. 07-10583
Non-Argument Calendar

_____

D. C. Docket No. 06-80114-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVIN G. KEEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 8, 2007)**

Before DUBINA, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Alvin George Keel ("Keel") appeals his convictions for taking

and transporting loggerhead sea turtles, in violation of 16 U.S.C. §§ 1538(a)(1)(G), 1540(b)(1) and 16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B), respectively. Keel was first convicted in 1998 of attempting to transport loggerhead sea turtles. In 2004, while on supervised release for the 1998 conviction, Keel was questioned in connection with a suspected turtle egg theft. At that time, he was arrested for violating the supervised release conditions of his 1998 conviction. In 2004, Keel was found to have violated his supervised release by, *inter alia*, committing the 2004 turtle egg theft. However, he was not charged under the instant indictment until 2006. Keel argues that the district court erred by denying his motion to dismiss based on due process or his constitutional or statutory rights to a speedy trial. We affirm.I.

We review the district court's denial of a motion to dismiss an indictment for an abuse of discretion. *United States v. Clarke*, 312 F.3d 1343, 1345 n. 1 (11th Cir. 2002).

The statute of limitations is the primary safeguard against the government bringing overly-stale criminal charges. *United States v. Marion*, 404 U.S. 307, 322, 92 S. Ct. 455, 464 (1971). However, when a defendant shows actual, substantial prejudice, due process may require dismissal of an indictment, brought within the statutory period, if the government intentionally delayed prosecuting the

2

case in order to gain a tactical advantage over the accused. *Id.* at 324, 92. S. Ct. at 465. Although actual prejudice is a necessary element of a due process claim, it is not, standing alone, sufficient to support dismissal. *United States v. Lovasco*, 431 U.S. 783, 790, 97 S. Ct. 2044, 2048-49 (1977). "[T]he due process inquiry must consider the reasons for the delay as well as the prejudice to the accused." *Id.* at 790, 97 S. Ct. at 2049.

We have stated that a defendant must show that (1) he was actually prejudiced in preparing his defense, and (2) the delay was unreasonable. *United States v. Solomon*, 686 F.2d 863, 871 (11th Cir. 1982). Moreover, we require that the delay be deliberately undertaken in order to gain a tactical advantage. *United States v. Benson*, 846 F.2d 1338, 1343 (11th Cir. 1988). Accordingly, in order to obtain dismissal based on pre-indictment delay, a defendant must show both deliberate delay to gain a tactical advantage and actual prejudice. *Stoner v. Graddick*, 751 F.2d 1535, 1542-43 (11th Cir. 1985) (habeas context). With regard to deliberate delay in order to gain a tactical advantage, the Supreme Court has made clear that "investigative delay is fundamentally unlike delay undertaken by the Government solely to gain tactical advantage over the accused." *Lovasco*, 431 U.S. at 795, 97 S. Ct. at 2051 (quotation marks omitted). Moreover, we have held that negligent delay is also insufficient to support dismissal under this prong of the

3

analysis.  *Benson*, 846 F.2d at 1343.

Prejudice is not presumed based on a lengthy delay, but rather actual prejudice must be shown in each case.  *Stoner*, 751 F.2d at 1544.  The prejudice must be such that it impairs the fairness of the defendant's trial.  *Solomon*, 686 F.2d at 871.  Moreover, the prejudice must "rise to constitutional proportions" in order to support dismissal.  *Benson*, 846 F.2d at 1342.

Because the record evidence demonstrates that the delay was caused by the prosecutor's schedule, rather than an attempt to gain a tactical advantage, we conclude that the district court did not clearly err in determining that there was no deliberate delay to gain a tactical advantage.  Moreover, assuming, *arguendo*, that Keel established deliberate delay, he failed to establish that the delay impaired either the preparation of his defense or the fairness of his trial.  Therefore, we conclude that the district court did not abuse its discretion by denying the motion to dismiss on the basis of due process.

## II.

When reviewing an alleged violation of the Speedy Trial Act (the "STA"), 18 U.S.C. § 3161, we review the district court's findings of fact for clear error and its legal conclusions *de novo*.  *United States v. Noel*, 231 F.3d 833, 836 (11th Cir. 2000).

Under 18 U.S.C. § 3161(b), an indictment must be filed within 30 days after the date that an individual is arrested "in connection with" the charges alleged in the indictment. Moreover, 18 U.S.C. § 3162(a)(1) requires dismissal of charges against an individual "against whom a complaint is filed" when an indictment is not filed within the time limit set by § 3161(b). Accordingly, the STA only applies to an individual who has been formally charged with an offense. *United States v. Sayers*, 698 F.2d 1128, 1131 (11th Cir. 1983) (holding that the STA was not triggered when the accused was taken into custody, photographed, and fingerprinted, but did not have a complaint or formal charge filed against him). Moreover, the fact that a subsequent charge arises out of the same criminal event as an earlier charge does not mean that the earlier charge triggers the STA for purposes of the later charge. *United States v. Derose*, 74 F.3d 1177, 1184 (11th Cir. 1996). A violation of supervised release, if it is a criminal act, may be prosecuted separately for (1) the supervised release violation, and (2) the substantive criminal act. *Johnson v. United States*, 529 U.S. 694, 700, 120 S. Ct. 1795, 1800-01 (2000).

The Sixth Amendment provides for the right to a speedy trial. U.S. CONST. amend. VI. As with the STA, the Sixth Amendment right to a speedy trial is not applicable until an accused has been formally charged with an offense. *United*

5

*States v. Sanchez*, 722 F.2d 1501, 1509 (11th Cir. 1984). In *Barker v. Wingo*, 407

U.S 514, 530, 92 S. Ct. 2182, 2192 (1972), a habeas case, the Supreme Court

established a four part test to determine whether a defendant has been deprived of

his constitutional right to a speedy trial: (1) the length of the delay; (2) the reasons

for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the

defendant. "To trigger a speedy trial analysis, an accused must allege that the

interval between [the indictment] and trial has crossed the threshold dividing

ordinary from presumptively prejudicial delay." *United States v. Ingram*, 446 F.3d

1332, 1336 (11th Cir. 2006). The court need not continue the analysis if the

defendant cannot show such a delay. *Id.* Generally, delays longer than one year

are presumptively prejudicial. *Id.* "If after the threshold inquiry is satisfied, and

the second and third factors are considered, all three factors weigh heavily against

the Government, the defendant need not show actual prejudice (the fourth factor)

to succeed in showing a violation of his right to a speedy trial." *Id.*

   In 2004, Keel was only charged with the 2004 turtle egg theft as a violation

of a condition of his supervised release, not as a substantive federal charge.

Accordingly, the district court correctly found that Keel was not arrested, for

purposes of the STA or the constitutional right to a speedy trial, until 2006 when

he was indicted and arrested on the same day. Thus, we conclude that the district

6

court correctly found that there was no violation of either the STA or the Sixth Amendment, and it did not abuse its discretion by denying dismissal based on either claim.

For the above-stated reasons, we affirm Keel's convictions.

**AFFIRMED.**