**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**John Hosey PEEPLES, Joe Henry Peeples, III, Fred Borgardt, Patricia Helen Peeples, Defendants–Appellants.**

No. 91–4062.

United States Court of Appeals,
Eleventh Circuit.

June 22, 1994.

Henry Gonzalez, Tampa, FL, for John P.

William B. Plowman, Tampa, FL, for Joe P.

Charles Harris, Federal Public Defender, Ft. Myers, FL, for FB.

Michael S. Pasano, Zuckerman, Spaeder, Taylor & Evans, Miami, FL, for Pat P. and John P.

Jeffrey Downing and Karla Spaulding, Asst. U.S. Attys., Tampa, FL, for appellee.

Before TJOFLAT, Chief Circuit Judge, DYER and RONEY, Senior Circuit Judges.

DYER, Senior Circuit Judge:

John Peeples, Patricia Peeples, Joe Henry Peeples, III and Fred Borgardt were convicted on RICO charges, pursuant to 18 U.S.C. §§ 1961 and 1962, for conspiracy and engaging in a criminal enterprise to import narcotics, and substantive charges of narcotics violations. In this appeal, appellants challenge their convictions and sentences. We find no merit in any issue raised pertaining to the convictions. The sole issue which merits our further consideration is whether the sentencing guidelines are applicable under the "straddle" offense analysis of the government in the sentencing of Patricia Peeples, Joe Peeples and Fred Borgardt. We affirm the convictions of the appellants and the sentence of Patricia Peeples. The sentences of Joe Peeples and Fred Borgardt are vacated and their cases are remanded for resentencing.

## BACKGROUND

The four appellants participated in a conspiracy that operated from February 1979 to November 7, 1990. They provided facilities and assistance to various smuggling groups in air operations to import marijuana, methaqualone and cocaine. The conspiracy provided access to a runway and airstrip on the 5,000 acre Peeples Ranch in Glades and Highlands, Counties, Florida, as well as landing lights, reflectors, air-to-ground communications, off-load personnel, ground transportation and security. John Peeples, his wife Patricia, and his brother Joe, who resided at the ranch, were participants in this on-going activity. The ground crew was supervised

372

by John. Fred Borgardt was introduced to the operation by his friend Mark Williams, who was also a participant, and later a government witness. The conspiracy's final narcotics activity involved a flight on December 11, 1989.

The various activities in conducting the enterprise and the times of involvement differed for each participant. The charges in the 11–count indictment listed 30 predicate racketeering acts. Count 1 charged all of the defendants with conspiring to conduct the illegal affairs of an enterprise through a pattern of racketeering activity. Count 2 charged the substantive offense of conducting and participating in the enterprise. Narcotics charges were presented in separate counts. Related activities were included in charges for obstruction of justice and witness intimidation by acts of violence, kidnapping and extortion to maintain the conspiracy.

## SENTENCING ISSUE

With the exception of John Peeples, the remaining three appellants contend that the district court erred in sentencing them under the guidelines. They argue that their convictions were based on conduct that occurred years before the guidelines' effective date of November 1, 1987. Appellants rely on the dates of the predicate acts charged in the counts upon which they were convicted as the relevant culpable conduct for sentencing. Appellants claim that their personal involvement in the acts of the conspiracy ceased prior to November 1, 1987, and that they should not be held responsible for the conspiracy's continuing activities beyond that time. The three racketeering acts which described activities after November 1, 1987, named John Peeples as the only defendant.

The government supports the applicability of the guidelines to appellants' criminal conduct because this on-going conspiracy "straddled" the guidelines' effective date. The size and nature of the conspiracy are asserted by the government as factors relevant to foreseeability by the participants, where they had to have contemplated that the overt acts of the conspirators would continue. Under this view, a defendant's accountability for the continuing illegal conspiracy is not limited solely to the specific charged acts in the indictment that pertain to that individual defendant. In addition, the government argues that each participant continues to be held accountable unless there is an actual withdrawal from the conspiracy by that individual. Mere cessation of criminal activity by a participant is, therefore, not the decisive factor under the government's suggested analysis.

### Conduct of the Coconspirators

The marijuana importation for which Patricia Peeples was convicted occurred in November 1985 when Gary Kirkpatrick contacted her by phone to deliver two coded messages to John. The messages concerned information about a landing by Kirkpatrick's smuggling group. In addition, Mrs. Peeples participated in the conspirators' discussions on matters of security and handling cash. In her role of assisting the operations, Mrs. Peeples monitored a scanner in her home and would contact the participants if there was a problem. Discussions of activities among the participants of their "war stories" included Mrs. Peeples within their confidence. By being in residence at the ranch, she was on stand-by in the operation in 1988 to divert law enforcement officers' detection if they entered the property during the landing and unloading of drugs.

The district court found that Mrs. Peeples was an active participant in all that went on at the ranch that involved the narcotics operations. The district court made this observation on the extent of Mrs. Peeples' involvement:

[S]he benefitted—she benefitted to a great extent with her husband with the proceeds that were realized from this activity. And I'm satisfied on the testimony that I heard that her participation was substantially more than has been represented by her counsel.

The sentence imposed on Patricia Peeples under the guidelines as to Counts 1 and 2 was 97 months. Count 4 was a nonguidelines offense, sentenced as a concurrent term of imprisonment.

Joe Peeples' conviction was based on his participation in importations that took place from 1979 to 1984. In a separate criminal proceeding brought in the Southern District of Florida in 1984, he was acquitted of substantive charges of importation that covered the activities of the conspiracy referred to as the "Champion conspiracy." The Champion conspiracy ended with the prosecution of its members in the Southern District of Florida. Joe Peeples remained in residence at the ranch, which later was the subject of civil forfeiture proceedings.

For his conviction on Count 1, Joe Peeples was sentenced to 78 months imprisonment.

Fred Borgardt participated with the groups that organized the importations that took place in January/February and November, 1985. His participation included work on the ground crew as well as delivering a marijuana load by truck and obtaining and installing a fuel bladder in a plane. As evidence of Borgardt's continued affiliation with the conspiracy, the government includes his perjury when questioned before the grand jury. His alleged involvement then was to conceal the conspiracy's activities. In October 1990, Borgardt testified in connection with the investigation of this case that he did not have any knowledge about smuggling narcotics on the Peeples Ranch. The government asserts the relevance that, at that time, Borgardt was represented by an attorney whose fees were paid by the Peeples organization.

Borgardt was convicted on Counts 1, 2 and 4, and was sentenced to 63 months, to be served concurrently.

### Analysis

■ As a general proposition, a conspirator is responsible for the conspiracy's activities in which he is involved, and for drugs involved in those activities, and for subsequent acts and conduct of coconspirators, and drugs involved in those acts or conduct carried on in furtherance of the conspiracy which is reasonably foreseeable to him. *See United States v. Chitty,* 15 F.3d 159, 162 (11th Cir.1994) (standard of foreseeability); *United States v. Beasley,* 2 F.3d 1551, 1561

(11th Cir.1993); *United States v. Ismond,* 993 F.2d 1498, 1499 (11th Cir.1993).

■ "[T]he ending date of an indictment does not govern whether an offense should be classified as a straddle crime." *United States v. Bakker,* 925 F.2d 728 (4th Cir.1991). RICO is a "straddle" crime to which the guidelines apply. *United States v. Cusack,* 901 F.2d 29, 32 (4th Cir.1990). The defendants are subject to guideline sentencing if they participated in a continuing crime, such as a conspiracy that begins before and continues after the effective date of the guidelines. *United States v. Pippin,* 903 F.2d 1478, 1481 (11th Cir.1990); *United States v. Barsanti,* 943 F.2d 428 (4th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1474, 117 L.Ed.2d 618 (1992).

"[T]he scope of [the] agreement must be determined individually from what was proved as to [the defendant]." *United States v. Borelli,* 336 F.2d 376, 385 (2nd Cir.1964). *See also United States v. Piva,* 870 F.2d 753 (1st Cir.1989) (court must review scope of the conspiracy as to each particular conspirator); *United States v. Joudakis,* 834 F.2d 1099 (1st Cir.1987) (existence of particular conspiracy determined by defendant's agreement and defendant not responsible as a conspirator in future operations coconspirator engaged in); *cf. Dinkhan v. Barber,* 147 F.Supp. 771, 774 (N.D.Cal.1957), *aff'd* 253 F.2d 547 (9th Cir.), *cert. denied,* 357 U.S. 920, 78 S.Ct. 1361, 2 L.Ed.2d 1364 (1958) (original conspiratorial agreement in tax case did not include a scheme of repeated violations of tax laws).

■ The particular context to analyze the scope of agreements by these participants is that the airstrip continued to be potentially available by its location on the ranch whether or not there was any current authorization by Joe or John Peeples for its use in smuggling operations. Under these circumstances, actual evidence of continued involvement in a specific activity is the most reliable indicator of the time frame that each participant remained actively engaged in the conspiracy. Our consideration of factors of foreseeability or withdrawal from the conspiracy is not blurred by the noncriminal elements of personal or family relationships or places of residence which coexisted with the conspira-

cy's functions. A measure of the duration of criminal involvement, if not based on actual individual agreement and activity, would impose an indefinite standard beyond the evidence of guilty conduct.

 After a review of the record, we are convinced that the evidence against Joe Peeples and Fred Borgardt does not demonstrate a continuation of their pattern of illegal conduct through the effective date of the sentencing guidelines. Cessation of activity and no evidence of further agreement or conduct by Joe Peeples and Fred Borgardt lends no support to finding reasonable foreseeability regarding an indefinite continuation of their involvement in the conspiracy. Here, the enterprise had sporadic and unpredictable episodes, with little foreseeability or opportunities to express intent to withdraw.

 We reach a different conclusion with respect to Patricia Peeples. We find that Patricia Peeples agreed to participate in a conspiracy beyond November 1, 1987. Foreseeability aptly applies to her close association to the on-going conduct of the conspiracy beyond the charged acts in the indictment. Evidence of her conduct is sufficient to straddle the date of the guidelines becoming effective. The government presented sufficient evidence to prove that Mrs. Peeples performed acts during the guidelines' period in furtherance of the conspiracy. The evidence reveals Mrs. Peeples' readiness to assist the conspiracy in matters of security for the illegal activities using the airstrip beyond November 1, 1987. She derived substantial benefits associated with the conspiracy's use of the landing strip.

## CONCLUSION

We affirm the appellants' convictions and the sentence of Patricia Peeples. Because the agreements of Joe Peeples and Fred Borgardt to participate in the conspiracy have not been proven to include a time period after the effective date of the guidelines, we vacate their sentences and remand their cases for resentencing.

AFFIRMED in part, VACATED in part, and REMANDED.