[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 13, 2002
THOMAS K. KAHN
CLERK

No. 01-13476

_____

D. C. Docket No. 00-14070-CR-NCR

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

DEXTER LEE BROWN,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 13, 2002)**

Before BLACK and FAY, Circuit Judges, and RESTANI*, Judge.

PER CURIAM:

    Dexter Lee Brown appeals from final judgment of conviction and sentence

entered on June 13, 2001, on the ground that the district court erred in denying his

_____

    *Honorable Jane A. Restani, Judge, U.S. Court of International Trade, sitting by
designation.

motion to dismiss indictment based on a violation of his statutory right to a speedy trial under 18 U.S.C. § 3161 et seq. ("Speedy Trial Act"). Inasmuch as a document reporting on time under the Speedy Trial Act and requesting a trial date is not a pretrial motion which may result in exclusion of time under 18 U.S.C. § 3161(h)(1)(F), time permitted to begin trial expired. Accordingly, the court erred in denying the motion to dismiss indictment.

## BACKGROUND[1]

Brown was indicted as a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) & (e), on November 2, 2001, but did not make his initial appearance before a United States magistrate judge until January 3, 2001. That day the magistrate judge set a status conference for February 5, 2001. On February 2, 2001, Brown filed a motion to cancel the status conference, stating that no motions were pending and discovery was complete.

On February 26, 2001, the United States filed a "Motion for Determination of Speedy Trial Status and/or Trial Setting," advising the court that no trial date had been set and asking the district court either to set a hearing to determine the Speedy Trial Act status of the case or to set a trial date in compliance with the Speedy Trial

---

[1] This facts statement is adopted from the Government's brief.

Act.  Two weeks later, the district court set a calendar call for Tuesday, April 3, 2001, and trial for the period beginning Wednesday, April 4, 2001.  On March 29, 2001, the district court denied Brown's March 20, 2001 motion to dismiss indictment.

On April 4, 2001, Brown pleaded guilty pursuant to a plea agreement with the United States, reserving the right to appeal the district court's March 29, 2001 order denying his Motion to Dismiss.  On June 11, 2001, the district court sentenced Brown to 180 months' imprisonment and five years' supervised release.  The district court also imposed a $100.00 special assessment.

The parties agree that, if the "motion" of February 26, 2001 did not result in excludable time, defendant's trial should have commenced no later than March 17, 2002, pursuant to 18 U.S.C. § 3161.[1]  18 U.S.C. § 3161(c) requires that the trial of an indicted defendant commence within seventy days of the later of the indictment or the date the defendant appears before a judicial officer of the court in which the indictment is pending.  Under 18 U.S.C. § 3161(h)(1)(F), time shall be excluded for "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

---

[1]It is irrelevant whether three to four days of delay attributable to Brown's motion of February 2, 2001, is excluded.

Exclusion of time up to thirty days is permitted while such a motion is under advisement. See 18 U.S.C. § 3161(h)(1)(J). The sanction for a violation of 18 U.S.C. § 3161(c) is dismissal of the indictment. See 18 U.S.C. § 3162.

Rule 88.5 of the Local Rules of the United States District Court for the Southern District of Florida requires reports to be filed by counsel every twenty days after arraignment, listing excludable time under the Speedy Trial Act and the final date for trial to commence under the Act. In addition, on January 3, 2001, in setting the case for the later cancelled status conference of February 5, 2001, the magistrate judge issued an order which, inter alia, set forth the requirements of Local Rule 88.5.

## STANDARD OF REVIEW

Conclusions of law under the Speedy Trial Act are reviewed de novo. See United States v. Drummond, 240 F.3d 1333, 1334 (11th Cir. 2001).

## DISCUSSION

The only issue in this appeal is whether the "Motion for Determination of Speedy Trial Status and/or Trial Setting" is a motion within the meaning of 18 U.S.C. § 3161(h)(1)(J), so that the delay resulting therefrom will be excluded from the seventy days allowed for trial to commence set forth in 18 U.S.C. § 3161(c).

See United States v. Twitty, 107 F. 3d 1482, l487 (11th Cir. 1997) (trial of an indicted defendant must commence within seventy days of his appearance before court in which his case is pending). The two weeks during which the February 26 "motion" was pending, plus the day it was filed and the day it was decided, are excludable, if it is a qualifying motion. Id. at l487-88. This would be sufficient time to make the trial date of April 4, 2001, timely, as the parties agree.

We are mindful that the court is not to consider the reasonableness of the delay occasioned by a qualifying motion. See Henderson v. United States, 476 U.S. 321, 329-30 (1986). Our concern here is whether a document which merely reports on Speedy Trial Act status and requests a trial date is a § 3161(a)(1)(F) motion. We find it is not.

The document at issue was a reminder to the court to set a timely trial date. It served the function of the status reports required by the local rule. While neither party complied with the technical timing requirement of the local rule, it is clear that the request for a date for trial, setting forth the trial date required by the Speedy Trial Act time limits, served the purpose envisioned by the rule.[3]

This matter is distinguishable from United States v. Stafford, 697 F.2d 1368,

---

[3] Neither party argues that failure to comply with all of the requirements of the local rule has any effect on the issue before the court.

1372 (11th Cir. 1983), in which we found that a motion to dismiss for violation of the Speedy Trial Act resulted in excludable time. In this case, dismissal was not requested, nor was any dispute presented to the court by the so-called motion. All it required of the court was the setting of a time for trial within the time limits of the Speedy Trial Act.

Without discussing the matter, United States v. Olderbak, 961 F.2d 756, 761 (8th Cir.1992) seems to accept that a "motion by the government to set trial date" results in excludable time. If Olderbak actually decided that a "motion" of the type at issue here qualifies under § 3161(h)(1)(F), we respectfully disagree.

18 U.S.C. § 3161(h)(8) sets forth stringent requirements for continuance which will satisfy the Speedy Trial Act. The court is to consider a list of limited factors. See 18 U.S.C. § 3161(h)(8)(B); see also United States v. Godoy, 821 F.2d 1498, 1500-01 (11th Cir. 1987) (days during extension not excludable because § 3161(h)(8)(A) findings not made). Section 3161(h)(8)(C) specifically provides that continuances may not be granted for general calendar congestion, "or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." If the government could extend the seventy-day period merely by filing a request to set a trial date, or if the court could ignore its obligation to set a timely trial date, there would be nothing left of the requirements

6

of § 3161(h)(8) and no teeth in the Speedy Trial Act as a whole.

Accordingly, we find that a document that does nothing more than remind the court that it must set a case for trial under the terms of the Speedy Trial Act is not a motion within the meaning of 18 U.S.C. § 3161(h)(1)(F), resulting in time excluded from that set forth in 18 U.S.C. § 3161(c).

We REVERSE and REMAND with directions for the district to dismiss the indictment for violation of the Speedy Trial Act and to determine if the dismissal should be with or without prejudice.