[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 3, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15407
Non-Argument Calendar

_____

D. C. Docket No. 04-20306-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND SERRANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 3, 2006)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Raymond Serrano appeals his convictions for importation of heroin, in

violation of 21 U.S.C. § 952(a), and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). On appeal, Serrano argues that the indictment should have been dismissed by the district court based on alleged violations of the Speedy Trial Act ("STA"), 18 U.S.C. § 3161.

Serrano was arrested on the instant charges on April 20, 2004, and was released on a personal surety bond. At the time, he had been serving a three-year term of supervised release in Puerto Rico. On May 18, 2004, a federal grand jury returned the instant indictment. At a subsequent calender call, Serrano's counsel advised the court that Serrano was prepared to plead guilty, and the court scheduled his guilty plea hearing for July 30, 2004. Serrano failed to appear at the hearing, and his counsel informed the court that Serrano had been planning to attend and that he could not explain his absence. A warrant for Serrano's arrest was issued later that day.

On August 13, 2004, Serrano was sentenced, in the United States District Court for the District of Puerto Rico, to a two-year term of imprisonment for violating terms of his supervised release. On January 27, 2005, Serrano was indicted in the Southern District of Florida for failing to appear at his July 30, 2004 hearing, in violation of 18 U.S.C. § 3146(a)(1). He was arrested for this charge on February 17, 2005, made an initial appearance in the Southern District of Florida

on February 18, 2005, and was arraigned on February 22, 2005. That same day, Serrano was also rearrested on the drug trafficking charges.

On March 4, 2005, Serrano's counsel filed a motion, which was granted, to terminate his appointment. On March 25, 2005, Serrano's new counsel filed a motion for a continuance, explaining that he had not had adequate time to prepare for trial. The district court granted the motion. On April 25, 2005, Serrano's counsel filed another motion, which was also granted, to continue the trial in order to file pre-trial motions and obtain documents from Puerto Rico.

On May 6, 2005, both parties filed a joint motion for a continuance, on the grounds that Serrano's counsel was scheduled to begin another jury trial and government's counsel was scheduled to be out of the office for medical reasons. The joint motion was granted by the court on May 9, 2005. In deciding all the three motions, the court stated that the interests of justice served by a continuance outweighed any interest of the public or the defendant in a speedy trial and that the period of delay was excludable time under the STA.

On May 20, 2005, Serrano filed a motion to dismiss the indictment on the ground that the STA required that his trial begin within 70 days of the date his indictment was filed. He argued that the government's failure to bring him back from trial while he was in Puerto Rico or while he was incarcerated resulted in a

3

violation of the Act. On June 21, 2005, the district court denied Serrano's motion to dismiss the indictment on STA grounds, finding, *inter alia*, that the period between July 30, 2004 and February 18, 2005 was excludable under § 3161(k)(1) because: (1) Serrano was absent for more than 21 days; (2) his whereabouts were unknown; and (3) he was trying to avoid apprehension or prosecution, under § 3161(h)(3)(B).  Shortly thereafter, Serrano pled guilty to the charges in the instant indictment, reserving in writing his right to appeal the district court's June 21, 2005, order.  In this appeal he seeks review of the district court's order denying his motion to dismiss, and further argues that the continuances were improperly excluded from the STA time calculations.

*Standard of Review*

We review conclusions of law under the STA de novo.  *United States v. Brown*, 285 F.3d 959, 961 (11th Cir. 2002).  However, a district court's factual determinations as to what constitutes excludable time is reviewed for clear error.  *United States v. McCutcheon*, 86 F.3d 187, 190 (11th Cir. 1996).

*Discussion*

*I.  Delay caused by the defendant's initial 'absence':*

On appeal, Serrano challenges the district court's determination that the period between July 30, 2005 and February 18, 2005 was excludable.  The STA,

4

which generally requires that a trial begin within seventy days of the filing of an indictment or appearance before a judicial officer, specifically excludes "[a]ny period of delay resulting from the absence or unavailability of the defendant." 18 U.S.C. § 3161(h)(3)(A). The statute deems a defendant 'absent' when his "whereabouts are uncertain and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence." *Id.* A defendant is unavailable "whenever his whereabouts are known but his presence at trial cannot be obtained by due diligence" or he resists appearing at trial. *Id* at § 3161(h)(3)(B). Additionally, when the defendant is absent or unavailable at the date of his trial and does not appear before the court within 21 days, § 3161(k)(1) resets the speedy trial clock to begin running on the date of such appearance.

Serrano first argues that the government was aware of his whereabouts from August 13, 2004 to February 17, 2005 as he was incarcerated in Puerto Rico during that time. Additionally, he alleges that there is no evidence in the record to support the court's finding that his whereabouts were unknown prior to his August 13, 2004 sentencing, and therefore, he should not have been found to be absent.

Serrano further claims that even if his whereabouts are considered unknown, his failure to appear, without more, is insufficient to establish that he was attempting to avoid apprehension or prosecution under § 3161. Finally, he alleges

5

that nothing in the record establishes that the government exercised due diligence in attempting to determine his whereabouts or that he resisted appearing at trial, thus precluding a finding of both absence and unavailability.

We find that there is sufficient evidence to support the district court's findings that Serrano was absent for STA purposes. The record establishes that Serrano's attorney was unaware of his whereabouts at the time he failed to appear before the court. Additionally, contrary to Serrano's assertions, there is no indication that the government was aware of his subsequent incarceration - in fact both the government and the district court attempted to contact Serrano at his home address during his period of incarceration. *See Whaley v. U.S.,* 394 F.2d 399, 401-02 (10th Cir. 1968) (rejecting defendant's assertion that the authorities should have known about his whereabouts while he was detained by the state in a jail housing federal prisoners when the government attempted to reach him by mail and his attorney attempted to contact him at his earlier residence.)

We further find that the district court's conclusion that Serrano was attempting to avoid apprehension or prosecution is not clearly erroneous. At the time of the guilty plea hearing, Serrano's attorney stated that Serrano was aware of the date of the hearing and was planning to attend. Additionally, Serrano's parole officer testified that Serrano had informed her about the date of the hearing. Even

if we were to ignore these facts, and accept Serrano's claim that a mistake may have been responsible for his initial non-appearance, his failure to communicate with the court or counsel would provide support for the district court's conclusion.

Serrano posits that it was nevertheless the government's obligation to find him in Puerto Rico and bring him to trial. However, we are reluctant to reward him for his silence in these circumstances. We have previously held that a delay caused by a defendant's failure to appear for a hearing was excludable under § 3161(h)(3)(A), noting that "[w]e refuse to add to [the defendant's] non-excludable time because of delay caused by his own inaction." *United States v. Stafford,* 697 F.2d 1368, 1375 (11th Cir. 1983); *see also United States v. Helms,* 897 F.2d 1293, 1300 (5th Cir. 1990) *superseded on other grounds by United States v. Huntress*, 956 F.2d 1309 (5th Cir. 1992) (holding that a delay caused by a co-defendant's failure to appear for trial is excludable under § 3161(h)(3)(A)).

We therefore find that district court did not err in finding that Serrano was absent from July 30, 2004 to February 18, 2005 and that the delay of his trial was excludable under the STA, such that dismissal of the indictment was not required. Since we find that the Serrano's whereabouts were properly deemed to be unknown and that he was appropriately found to be attempting to avoid prosecution or apprehension, we need not consider his arguments regarding other

7

bases for determining non-excludability.

## II. Delay caused by granting continuances of trial

Serrano also argues that the delay resulting from the continuances granted by the court are not excludable time under the STA because the district court failed to specifically state, on the record, its reasons for granting the continuance, as required by § 3161(h)(8)(A). Although Serrano filed a motion to dismiss on STA grounds before the district court, his motion was based on failure to bring him to trial while he was in Puerto Rico or in federal prison. His challenge to the propriety of the continuances is raised for the first time on appeal.

Section 3162(a)(2) of the STA places the burden of making speedy trial challenges on the defendant and mandates that "[f]ailure [] to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." We have routinely refused to hear STA-based claims that were not raised in the District Court. *See e.g. United States v. Register,* 182 F.3d 820, 828 (11th Cir. 1999); *United States v. Stitzer,* 785 F.2d 1506, 1520 (11th Cir. 1986); *United States v. Tenorio-Angel,* 756 F.2d 1505, 1508 (11th Cir. 1985).[1] Courts reviewing these claims have similarly refused to hear

---

[1] We acknowledge that decisions reviewing alleged speedy trial violations have occasionally concluded that a defendant merely forfeits, rather than waives, his STA rights by

8

claims based on delays occurring after a motion to dismiss was filed, when that motion was not renewed prior to trial or entry of a plea. *See e.g. United States v. Tinson,* 23 F.3d 1010, 1012 (6th Cir. 1994); *United States v. Conner*, 926 F.2d 81, 84 (1st Cir. 1991); *United States v. Mayes*, 917 F.2d 457, 460 (10th Cir. 1990).

In this instance, Serrano filed his motion to dismiss on May 20, 2005, but challenged only the government's failure to try him prior to his February 18, 2005 arrest. While we have not directly addressed the need to identify the particular basis for an STA claim in a motion to dismiss in order to preserve the right to dismissal, as a general procedural principle, defendants must raise each specific issue or objection before a district court in order to preserve the issue. *See e.g. United States v. Massey,* 443 F.3d 814, 819 (11th Cir. 2006) (noting that a defendant must raise an objection to her sentence in such clear and simple language that the trial court may not misunderstand it in order for it to be considered to have been raised below) (internal quotation marks and citation omitted); *United States v. Reyes-Vasquez,* 905 F.2d 1497, 1500-01 (11th Cir. 1990)

---

failing to raise his claim in a timely manner thus allowing for plain error review. See e.g. *United States v. Griffin,* 194 F.3d 808, 824 (7th Cir.1999); *United States v. Schwensow,* 151 F.3d 650, 654 (7th Cir.1998); *United States v. Carrasco,* 257 F.3d 1045, 1050-53 (9th Cir.2001). *See also United States v. Olano,* 507 U.S. 725, 731-732, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) (describing the difference between forfeiture and waiver of a right). However, "[t]he Act explicitly provides that a defendant's failure to move to dismiss the indictment constitutes a waiver--not a forfeiture--of his rights under the Act, 18 U.S.C. § 3162(a)(2), and we may not disregard this provision." *United States v. Morgan,* 384 F.3d 439, 443 (7th Cir. 2004).

(holding that when the factual basis for an objection is included in a sentencing record but is presented to the Court under a different legal theory, it will not be considered on appeal); United States v. Thompson, 710 F.2d 1500, 1504 (11th Cir.1983) (alternate justifications for a search waived by government's failure to raise them at suppression hearing before the District Court). *See also American Fidelity & Cas. Co. v. Drexler,* 220 F.2d 930, 934 (5th Cir. 1955) (noting that it is the duty of counsel to state the *grounds* for an objection, and in proper instances, the authority that supports his position).

Normally, the specific grounds for a STA claim in a motion to dismiss must be brought before the district court in order to preserve those grounds for review. We have frequently observed that "as a court of appeals, we review claims of judicial error of the trial courts. If we were to regularly address questions . . . that districts courts never had a chance to examine, we would not only waste our resources, but also deviate from the essential nature, purpose, and competence of an appellate court." *Access Now, Inc. v. Southwest Airlines* Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

We find that Serrano has waived his second claim for purposes of this appeal, and we will not consider it.

**AFFIRMED.**