[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 26, 2011
JOHN LEY
CLERK

No. 10-10627
Non-Argument Calendar

_____

D.C. Docket No. 1:04-cr-20306-AJ-1

RAYMOND SERRANO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 26, 2011)

Before BLACK, WILSON and FAY, Circuit Judges.

PER CURIAM:

Raymond Serrano, proceeding *pro se*, appeals the district court's order denying his Fed.R.Civ.P. 60(b) motion, which challenged the denial of his motion to dismiss the criminal indictment against him based on a violation of the Speedy Trial Act,18 U.S.C. § 1361 *et seq*. On appeal, Serrano argues that the district court abused its discretion by denying his Rule 60(b) motion. He contends that the district court's erroneous denial of his Speedy Trial Act claim was an extraordinary circumstance that warranted relief under Rule 60(b). For the reasons stated below, we affirm.

I.

In 2004, Serrano was charged with: (1) importation of 100 grams or more of heroin, in violation of 21 U.S.C. §§ 952(a) and 960(b)(2); and (2) possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 2). Serrano was released on bond, but he failed to appear at a July 2004 change of plea hearing, and the district court issued a warrant for his arrest. He was taken into custody in February 2005. Serrano moved to dismiss the indictment based on a violation of the Speedy Trial Act, but the district court denied his motion. Serrano then pled guilty to both counts of the drug indictment. On appeal, we upheld the district court's ruling on the speedy trial issue and affirmed Serrano's convictions. *United States v. Serrano*, 197

2

Fed.Appx. 906 (11th Cir. 2006). Serrano subsequently filed a 28 U.S.C. § 2255 motion, which was denied on the merits by the district court.

In December 2009, Serrano filed the present motion to vacate the judgment in his criminal case. Citing Fed.R.Civ.P. 60(b), he asserted that the judgment in his case should be vacated because the district court violated his right to due process when it denied his motion to dismiss the indictment. He argued that the district court's order was based on erroneous facts and that the court had failed to discuss certain factors that it was required to consider under the Speedy Trial Act.

The district court denied Serrano's Rule 60(b) motion. The court observed that it originally had issued a four-page order outlining the reasons why it denied Serrano's motion to dismiss. The district court noted that this Court had found the order sufficient to conduct appellate review, and had affirmed the denial of Serrano's motion to dismiss. Serrano moved for reconsideration pursuant to Fed.R.Civ.P. 59(e), essentially raising the same arguments that he raised in his Rule 60(b) motion. The district court denied Serrano's Rule 59(e) motion.

## II.

We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006). A district court's denial of a Rule 59 motion is also reviewed for an abuse of discretion.

*Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir. 2009). Rule 60(b) allows a party to seek relief from a final judgment in a civil case for a number of reasons, including mistake, excusable neglect, newly discovered evidence, and fraud. Fed.R.Civ.P. 60(b). Rule 59 allows a party to move to alter or amend a judgment in a civil case. Fed.R.Civ.P. 59(e). Rule 59 and Rule 60(b) are civil remedies, and, therefore, cannot be used to obtain relief from a judgment in a criminal case. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (addressing Rule 60(b) motion); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (same). Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and this Court have permitted parties to file such motions in criminal cases. *United States v. Phillips*, 597 F.3d 1190, 1199-1200 (11th Cir. 2010).

Under certain circumstances, a prisoner can use a Rule 60(b) motion to challenge a judgment denying relief in a post-conviction proceeding. *See Gonzalez v. Crosby*, 545 U.S. 524, 529-35, 125 S.Ct. 2641, 2646-50, 162 L.Ed.2d 480 (2005) (explaining that a petitioner may file a Rule 60(b) motion in a habeas proceeding under 28 U.S.C. § 2254, but that a Rule 60(b) motion raising a new claim or challenging the previous denial of a claim on the merits must meet the criteria in 28 U.S.C. § 2244(b) for filing a second or successive habeas petition).

4

A prisoner must obtain a COA in order to appeal the denial of a Rule 60(b) motion in a § 2255 proceeding. *Jackson*, 437 F.3d at 1294-95. A federal court may grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In this case, the district court properly denied Serrano's Rule 60(b) motion because Rule 60(b) cannot be used to obtain relief from a judgment in a criminal case. *See Fair*, 326 F.3d at 1318; *Mosavi*, 138 F.3d at 1366. Even if the Rule 60(b) motion is construed as challenging the denial of Serrano's § 2255 motion, rather than the judgment in his criminal case, Serrano still would not be entitled to any relief. If Serrano's motion related to his § 2255 motion, it would have been dismissed for lack of jurisdiction as successive, since Serrano was attacking the prior resolution of his speedy trial claim on the merits, and we had not granted him leave to do so. *See Gonzalez*, 545 U.S. at 529-35, 125 S.Ct. at 2646-50.

Serrano's motion could be liberally construed as a motion for reconsideration of the district court's order denying his motion to dismiss the indictment. As noted above, the Supreme Court has allowed motions for reconsideration in criminal cases in certain circumstances. *See Phillips*, 597 F.3d at 1199-1200. Even assuming that such a motion was permissible here, however, Serrano did not set forth any arguments that would have warranted reconsideration

5

of the district court's earlier order. The only substantive argument that he raised in his Rule 60(b) motion was that the district court had failed to explain the reasons why it denied his motion to dismiss. Contrary to Serrano's assertion, the district court set forth its reasoning in a detailed four-page order. Moreover, Serrano's motion for reconsideration was untimely, as it was filed over four years after the district court denied his motion to dismiss the indictment and well after this Court affirmed the denial of his speedy trial claim. Also, we held on Serrano's direct appeal that no violation of the Speedy Trial Act had occurred. That ruling became the law of the case, and Serrano could not set it aside by filing a motion to reconsider before the district court. *See Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 (11th Cir. 2005) (quotation omitted) (explaining that "findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal," absent certain exceptions not applicable here). Thus, the district court properly denied Serrano's Rule 60(b) motion.

Finally, even if this Court were to liberally construe Serrano's brief as challenging the denial of his Rule 59(e) motion, Serrano's Rule 59(e) motion merely reiterated the arguments that he raised in his Rule 60(b) motion. As noted above, the district court properly rejected those arguments. Therefore, the district

6

court committed no abuse of discretion in denying Serrano's Rule 59(e) motion.

Accordingly, we affirm.

**AFFIRMED.**