**UNITED STATES of America**

v.

**Mario GINORIO.**

**Case No. 5:13–cr–28–Oc–22TBS.**

United States District Court,
M.D. Florida,
Ocala Division.

Dec. 12, 2013.

Andrew Tysen Duva, U.S. Attorney's Office, Jacksonville, FL, for United States of America.

Richard S. Dellinger, Lowndes, Drosdick, Doster, Kantor & Reed, PA, Orlando, FL, for Defendant.

## ORDER

ANNE C. CONWAY, District Judge.

This cause comes before the Court on Defendant Mario Ginorio's ("Defendant") Motion for Judgment of Acquittal and alternative Motion for a New Trial (Doc. No. 293), in response to which the government filed a Memorandum in opposition (Doc. No. 307). For the following reasons, both Motions will be denied.

### I. BACKGROUND

■ Defendant admitted to having extensively participated in a drug conspiracy, but claimed at trial and in the instant Motions that he effectively withdrew from the conspiracy before the statute of limitations period began. At the conclusion of a four-day trial, the jury found Defendant guilty of one count of conspiracy to distribute cocaine in an amount exceeding five kilograms. (Doc. No. 270.)

### II. MOTION FOR JUDGMENT OF ACQUITTAL

■ When considering a motion for judgment of acquittal, courts must determine whether the evidence, viewed in a light most favorable to the government, adequately supports the jury's verdict "that the defendant was guilty beyond a reasonable doubt." *United States v.*

*Williams,* 390 F.3d 1319, 1323 (11th Cir. 2004) (quoting *United States v. Greer,* 850 F.2d 1447, 1450 (11th Cir.1988)). "All credibility choices must be made in support of the jury's verdict." *Id.* (citations omitted). The evidence need not "exclude every reasonable hypothesis of innocence ... provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *Id.* at 1323–24 (quoting *United States v. Young,* 906 F.2d 615, 618 (11th Cir.1990)).

Defendant challenges his conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Defendant admitted to participating in a conspiracy to distribute cocaine, but maintained at trial and in the instant Motion that he withdrew from the conspiracy outside of the five-year statute of limitations period.

■■■■ Conspiracy is a continuing offense, so the limitations period did not start to run on the entire conspiracy until it ended in November, 2011. There is a presumption that Defendant continued to participate in the conspiracy until it ended, but proof of withdrawal from the conspiracy outside of the limitations period is sufficient to overcome that presumption. *United States v. Reed,* 980 F.2d 1568, 1583–84 (11th Cir.1993) (citing *Hyde v. United States,* 225 U.S. 347, 369, 32 S.Ct. 793, 803, 56 L.Ed. 1114 (1912)). To properly withdraw from the conspiracy, Defendant must have "taken affirmative steps, inconsistent with the objectives of the conspiracy, to disavow or to defeat the objectives of the conspiracy; and ... [have] made a reasonable effort to communicate those acts to his co-conspirators or ... [have] disclosed the scheme to law enforcement authorities." *United States v. Starrett,* 55 F.3d 1525, 1550 (11th Cir.1995)

(per curiam) (citations omitted); *see also United States v. Aviles,* 518 F.3d 1228, 1231 n. 3 (11th Cir.2008). Withdrawal is an affirmative defense, so the burden of proof is on the Defendant throughout the prosecution. *Smith v. United States,* —— U.S. ——, 133 S.Ct. 714, 719, 184 L.Ed.2d 570 (2013).

Defendant is unable to satisfy his burden of proving that the evidence, viewed in a light most favorable to the government, was insufficient for conviction based on his affirmative defense of withdrawal. Defendant makes much of the fact that various co-conspirators testified that Defendant ceased participating in the conspiracy after losing approximately 20 kilograms of cocaine in November or December of 2007. However, none of the co-conspirators testified that Defendant took any affirmative step to disavow or defeat the objectives of the conspiracy, nor did any co-conspirator testify that Defendant communicated his withdrawal from the conspiracy. Defendant testified that, on separate occasions, he told Tavaries Norris and Howard Sanders (two other co-conspirators) that he was getting out of the drug business. (Oct. 3 Tr. (Doc. No. 290) at 56:18–21; 58:16–19.) Norris testified to the opposite effect— that he never had a conversation with Defendant about Defendant getting out of the cocaine business. (Sept. 30 Tr. (Doc. No. 288) at 115:21–24.) Sanders did not testify; he was incapacitated because he had been shot in the face. (Sept. 30 Tr. at 179:1–180:3.)

Based on this evidence, the jury could have reasonably concluded that Defendant failed to take affirmative steps to defeat or disavow the objectives of the conspiracy and/or failed to communicate his withdrawal to his co-conspirators. The only evidence clearly in favor of Defendant was his

own testimony, but the jury could have reasonably found that Defendant lacked credibility or that his purported disavowal and attempts to communicate were legally insufficient to meet his burden of proof. Other evidence tended to show that Defendant had not renounced the objectives of the conspiracy and remained in the cocaine "business" after the supposedly life-changing event in November or December of 2007, when Defendant lost 20 kilos of cocaine in South Carolina. Specifically, a government informant filmed Defendant selling cocaine on February 5, 2008—two months after Defendant allegedly decided to get out of the business and only slightly more than two months before the effective limitations period commenced.[1] (Oct. 1 Tr. at 47–67.)

■ Defendant offers two other reasons for granting his motion for judgment of acquittal: (1) that he was not given a speedy trial; and (2) that the government's delay in indicting Defendant, coupled with the delay in trying him, violated his due process rights. Defendant did not raise either of these arguments before trial or in his *ore tenus* Rule 29 Motions; they are presented for the first time in the instant filing. Defendant waived his speedy trial argument by failing to move for dismissal on that basis prior to trial. 18 U.S.C. § 3162(a)(2) ("Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section."); *United States v. Serrano*, 197 Fed.Appx. 906, 910 (11th Cir.2006) (per curiam) (holding that a defendant who moved to dismiss an indictment, yet failed to raise the specific basis

for the second of two alleged Speedy Trial Act violations, waived the second claim).

Regarding the third asserted basis for judgment of acquittal, Defendant is unable to show "actual prejudice" to his defense from any delay—either pre- or post-indictment—or that "the delay resulted from a deliberate design by the government to gain a tactical advantage." *United States v. Thomas*, 62 F.3d 1332, 1339 (11th Cir. 1995) (citing *United States v. LeQuire*, 943 F.2d 1554, 1560 (11th Cir.1991)). If anything, the delay helped Defendant, because his sole defense was that the applicable statute of limitations had run since his purported withdrawal from the conspiracy.

## III. MOTION FOR NEW TRIAL

■ Pursuant to Federal Rule of Criminal Procedure 33(a), "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Defendant claims he is entitled to a new trial because his Sixth Amendment right to counsel was violated as a result of reduced and delayed funding for indigent defense wrought by sequestration and the government shutdown. Defendant's counsel put on a defense worthy of the serious charges his client faced. At no point did the government shutdown or the reduction and delay in Criminal Justice Act funding impede this Defendant's Sixth Amendment right to counsel. The interest of justice does not require a new trial under these circumstances.

Notwithstanding the forgoing, it is conceivable to the undersigned that indigent criminal defendants' Sixth Amendment rights could be put in jeopardy if short-

---

1. The Court does not hold that Defendant's February 5, 2008 cocaine transaction was part of the same conspiracy for which Defen-

dant was convicted, but the evidence of that transaction could have seriously damaged Defendant's credibility in the eyes of the jury.

sighted budget cuts to the Office of the Federal Public Defender and the Criminal Justice Act Panel continue unabated. The Federal Public Defender's Office has been forced to lay off and furlough employees and deny them reimbursement for such necessary activities as traveling to jail to consult with their clients. The Constitution commands the undersigned to appoint an attorney for criminal defendants who cannot afford one; this is not a discretionary expense, nor is it a government "program" of debatable necessity. The constitutional right of every criminal defendant, regardless of means, to be represented by proficient counsel undergirds our system of justice and imbues it with legitimacy. If necessary funding is not provided, challenges such as that raised by Defendant will arise with increasing frequency and present closer questions for the Court.

## IV. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Defendant Mario Ginorio's Renewed Ore Tenus Motion for Judgment of Acquittal (Doc. No. 267), Motion for Judgment of Acquittal renewed after jury verdict (Doc. No. 279), and Motion for Judgment of Acquittal and Alternative Motion for a New Trial (Doc. No. 293) are **DENIED.**