UNITED STATES of America,
Plaintiff–Appellee,

v.

Harold G. ARTRIP, Defendant–
Appellant.

No. 90–3259.

United States Court of Appeals,
Eleventh Circuit.

Sept. 30, 1991.

Robert A. Leventhal, Leventhal & Slaughter, P.A., Orlando, Fla., for Artrip.

Ricardo R. Pesquera, Judy K. Hunt, Asst. U.S. Attys., Orlando, Fla., for plaintiff-appellee.

Before JOHNSON and EDMONDSON, Circuit Judges, and DYER, Senior Circuit Judge.

DYER, Senior Circuit Judge:

Harold G. Artrip appeals his conviction for bank fraud in violation of 18 U.S.C. section 1344. He claims that the district court erred in permitting the government to offer evidence which impermissibly enlarged the charges in the indictment. Artrip contends that the district court's failure to instruct the jury on the limited admissibility of this evidence denied his right to be tried only on the charges set forth in

the indictment. Because we find that the court erred in permitting the jury to consider evidence of liabilities in connection with Count 42, we reverse the conviction of Harold G. Artrip.

## FACTS AND PROCEDURAL BACKGROUND

The alleged scheme to fraudulently obtain money from the Florida Center Bank, exceeding legal lending limits of the bank for a given borrower, involved 31 loans and 12 codefendants. Appellant Artrip's role in these transactions was to obtain one loan for $300,000 as a nominee borrower for codefendant James P. Gresham. Because Artrip's financial condition was considered too precarious to support the loan, his wife's financial statement of December 1, 1984 was submitted to the bank. That statement lists assets in the amount of $899,800, liabilities in the amount of $196,-000, and a net worth of $703,800. Out of the proceeds of the loan, $192,000 was given to Gresham for his automobile business, and $70,700 was used by Artrip for a down payment to purchase a new home. A promissory note for $300,000 was given by Gresham to Artrip, and was mistakenly placed in the bank file where it was later discovered in an audit. Gresham was granted ten loans totalling $1,475,000. Six of the loans to Gresham involved nominee borrowers.

Artrip was indicted on August 30, 1989 in the Middle District of Florida. A superseding indictment was returned on October 26, 1989. Count 1 charged him with conspiracy to defraud the Florida Center Bank and the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. section 341. Count 19 charged him with using a materially false statement for obtaining a loan, in violation of 18 U.S.C. section 1014. Count 42 charged him with bank fraud, in violation of 18 U.S.C. section 1344. As specifically set forth in Counts 19 and 42: "the personal financial statement of Margaret F. Artrip was false and inaccurate insofar as she had personal assets substantially less than the amount stated therein."

Artrip, his wife, and Gresham were tried on various counts of the 50–count superseding indictment. Eight codefendants pleaded guilty before trial. A motion to dismiss was granted as to the charges against Gresham's common law wife. Gresham was found guilty on five counts. Margaret F. Artrip was acquitted on all three counts applicable to her. The jury found Harold G. Artrip guilty of Count 42, but acquitted him of Counts 1 and 19. He was sentenced to 16 months imprisonment and a fine of $10,000.

## DISCUSSION

### 1. *Expanding Terms of the Indictment*

On November 20, 1989, the government filed as part of its response to various of the codefendants' inquiries, a listing particularizing the reasons the personal financial statement of Margaret Artrip was false. The government listed existence of unreported tax liens and four unpaid loans for which a judgment had been issued, as well as allegations of stock and notes receivable assets being worth less than valued. Artrip filed a motion *in limine* requesting the court to limit the government's proof at trial, as it may relate to the personal financial statement, to evidence relating to the alleged charges in the indictment, that Margaret Artrip "had personal assets substantially less than the amount stated." The court granted the motion *in limine* as to Counts 19 and 42, but not as to the conspiracy charge in Count 1.

Artrip relies on the district judge's ruling that the government could only present proof of liabilities and contingent liabilities as it related to the conspiracy charged in Count 1, and could not present that evidence as it related to Counts 19 and 42, the substantive counts. Over Artrip's objection, the government introduced testimony of James Hudson, an FDIC attorney. Appellant argued that other than evidence of tax liens, no other evidence of liabilities was presented to the grand jury. He also relied on his motion *in limine*, which was granted in part and denied in part. The court ruled that if there was an unreported liability during the time period of the al-

leged conspiracy, the court would allow it into evidence. Hudson's testimony concerned loans which were sued upon by the FDIC which were not listed in the financial statement. Another government witness, Michael O'Connor, testified over Artrip's objection. His testimony concerned the statement of financial affairs filed by Artrip in a Tennessee involuntary bankruptcy proceeding in which O'Connor served as trustee.

The only evidence of liabilities presented to the grand jury in this matter was the existence of the tax liens. The alleged misrepresentation concerned the overvaluation of assets on the financial statement. Therefore, evidence of liabilities produced at the trial went beyond the charges alleged in the indictment. The government has not refuted the rule that "after an indictment has been returned, its charges may not be broadened through amendment except by the grand jury itself". *Stirone v. United States*, 361 U.S. 212, 215–16, 80 S.Ct. 270, 272–73, 4 L.Ed.2d 252 (1960); *United States v. Andrews*, 850 F.2d 1557, 1560 (11th Cir.1988), *cert. denied*, 488 U.S. 1032, 109 S.Ct. 842, 102 L.Ed.2d 974 (1989).

The crucial question is whether Artrip was convicted of an offense not charged in the indictment. *United States v. Keller*, 916 F.2d 628 (11th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1628, 113 L.Ed.2d 724 (1991).

2. *Jury Instructions*

■ The issue in the instant case is whether the court's failure to give the requested instruction may have resulted in the jury's finding Artrip guilty of bank fraud beyond the overvaluation of Margaret F. Artrip's assets which was specifically charged in the indictment. Artrip's requested instruction 15, which was not included in the charge to the jury, contained the following statement:

"In considering the evidence presented concerning the allegations that the ... statements [referred to in Counts 19 and 42] were materially false, you are instructed that you shall not consider any evidence of Margaret F. Artrip or Harold

G. Artrip's liabilities or contingent liabilities in reaching a determination on whether or not the personal financial statement of Margaret F. Artrip was materially false and inaccurate."

In *Stirone*, 361 U.S. at 217–19, 80 S.Ct. at 273–74, the Supreme Court reversed a conviction for obstruction of interstate commerce because the indictment was improperly amended and the offense charged was impermissibly enlarged by the trial court's admission of evidence and its jury charge. The indictment charged interference with sand imports. Evidence was offered and instructions given to include interference with steel exports.

■ Conviction on the basis of a modification of an essential element not charged by the grand jury constitutes reversible error. *See United States v. Bizzard*, 615 F.2d 1080 (5th Cir.1980) (indicted for bank robbery by force, violence and intimidation and instruction on assault); *United States v. Salinas*, 601 F.2d 1279 (5th Cir.1979) (indicted in capacity of bank director or president and instruction on capacity of officer, director, agent or employee of bank).

■ To justify reversal of a conviction, the court's instructions, viewed in context, must have expanded the indictment "either literally or in effect." *United States v. Johnson*, 713 F.2d 633, 643 (11th Cir.1983), *cert. denied*, 465 U.S. 1081, 104 S.Ct. 1447, 79 L.Ed.2d 766 (1984); *United States v. Andrews*, 850 F.2d 1557, 1559 (11th Cir. 1988), *cert. denied*, 488 U.S. 1032, 109 S.Ct. 842, 102 L.Ed.2d 974 (1989). An amendment of the indictment occurs when a defendant is convicted of charges not included in the indictment, and is *per se* reversible error. *Keller*, 916 F.2d at 633.

We cannot conclude with certainty that the jury did not convict Artrip on the theory that the failure to disclose substantial liabilities constituted the fraudulent act perpetrated upon the bank. *See United States v. Trice*, 823 F.2d 80, 91 (5th Cir. 1987). We conclude that the failure of the trial court to give the requested instruction had the effect of allowing the evidence of

liabilities to expand the indictment as to the charge of bank fraud on which the jury convicted Artrip.

## CONCLUSION

The district court failed to provide guidance to the jury in conformance with its ruling on Artrip's motion *in limine* regarding the limited admissibility of liability evidence to the conspiracy charge. Omission of the requested instruction created a substantial likelihood that Harold G. Artrip may have been convicted of an offense other than that charged in Count 42 of the indictment.

REVERSED and REMANDED.