[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15024
Non-Argument Calendar

_____

D. C. Docket No. 07-00047-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHANNON PHALO,
DAVID CLINTON,
DANNY ANTONIO SELLERS,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Alabama

_____

(June 26, 2008)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellants Shannon Phalo, David Clinton, and Danny Antonio Sellers, who were jointly tried, convicted, and sentenced for participating in a scheme to possess and distribute cocaine base, challenge both their convictions and sentences on direct appeal. For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

## I.

Phalo, Clinton, and Sellers were each charged with conspiracy to possess with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846 (Count 1). The indictment specifically alleged that the conspiracy occurred from on or about January 2005 through on or about February 21, 2007. Sellers was also charged with knowingly possessing with intent to distribute less than 5 grams of a mixture and substance containing a detectable amount of crack (Count 2), and was charged along with Phalo of another offense involving less than 5 grams of a mixture and substance containing a detectable amount of crack, both in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 15). Clinton was also charged with knowingly possessing with intent to distribute approximately 4.8 grams of cocaine (Count 5), approximately 7.4 grams of cocaine (Count 6), approximately 2.2 grams of cocaine (Count 7), less than 5 grams of a

2

mixture and substance containing a detectable amount of cocaine base (Count 8), and approximately 2.1 grams of cocaine (Count 9), all in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

After trial, a jury convicted Phalo and Sellers of the conspiracy, but acquitted Clinton. The jury determined that the conspiracy involved 50 grams or more of cocaine base. The jury also convicted Phalo and Sellers on Count 15; acquitted Sellers on Count Two; and convicted Clinton on Counts Five, Six, and Seven, and acquitted him on Counts Eight and Nine.

At sentencing, all three defendants objected to the statement in their presentence investigation reports ("PSI") that each was responsible for 1.5 kilograms or more of cocaine base ("crack cocaine"). The district court overruled these objections and indicated, with respect to Phalo and Clinton, but not Sellers, that it would have imposed the same sentence even if the guidelines were erroneously calculated. Ultimately, the court sentenced Phalo to serve a total of 292 months imprisonment, Clinton to serve a total of 240 months imprisonment, and Sellers to serve 262 months imprisonment. They then perfected this appeal.

## II.

Sellers and Phalo raise two evidentiary arguments on appeal, respectively. Sellers contends that the district court violated his right to a fair trial by permitting

3

the government to present evidence of a drug transaction that occurred after the return of the indictment. Phalo, in turn, contends that the district court erred in denying his motion for acquittal because a material variance occurred at trial when the government introduced evidence of multiple conspiracies, other than the one in which he was charged.

As to their sentences, all three defendants contend that the district court erred in calculating the amount of drugs for which they were responsible. Clinton contends that his sentence is unreasonable because of the erroneous calculation, and because the district court erroneously enhanced his offense level for being a manager or supervisor. Phalo also contends that the district court erred by failing to apply the November 2007 sentencing guidelines at his sentencing on September 27, 2007.

A.

We review evidentiary rulings for an abuse of discretion. *United States v. Kennard*, 472 F.3d 851, 854 (11th Cir. 2006). "In reviewing issues under Rule 403, we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002) (internal quotation marks omitted). When a timely objection is made, we must determine whether any error is

harmless, which means that "the purported error had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *United States v. Dickerson*, 248 F.3d 1036, 1048 (11th Cir. 2001) (quotation marks omitted); *see also* Fed.R.Crim.P. 52(a). The jury has exclusive province over the determination of the credibility of witnesses, and a court of appeals may not revisit the issue. *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999).

Under the Federal Rules of Evidence, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

> Evidence of criminal activity other than the offense charged is not extrinsic under Rule 404(b) if it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense.

*United States v. Veltmann*, 6 F.3d 1483, 1498 (11th Cir. 1993). "Other transactions connected with the offenses charged have long been used to show a general pattern, the necessary criminal intent, or the guilty knowledge of the defendant." *United States v. Muscatell*, 42 F.3d 627, 631 (11th Cir. 1995) (quotation marks and brackets omitted) (holding that challenged testimony was

5

intrinsic to the crimes charged).

Under the Federal Rules of Evidence, all relevant evidence is admissible, and irrelevant evidence is inadmissible. Fed. R. Evid. 402. "The standard for what constitutes relevant evidence is a low one: evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Tinoco*, 304 F.3d at 1120 (quoting Fed.R.Evid. 401). Nevertheless, relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180, 117 S. Ct. 644, 650, 136 L. Ed. 2d 574 (1997) (holding that, where defendant was willing to stipulate that he was a convicted felon for purposes of a felon in possession of a firearm prosecution, it was unduly prejudicial for the government to be permitted to introduce the prior conviction's order of judgment and commitment).

Exclusion of evidence under "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Tinoco*, 304 F.3d at 1120 (internal quotation marks and alterations omitted). "The major function of Rule 403 is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Cross*, 928 F.2d 1030, 1048 (11th Cir. 1991) (internal quotation marks omitted). In determining whether to exclude evidence under Rule 403, district courts may consider the presence or absence of evidentiary alternatives. *Old Chief*, 519 U.S. at 184, 117 S. Ct. at 652. "[I]n a criminal trial, relevant evidence is inherently prejudicial; it is only when *unfair* prejudice substantially outweighs probative value that the rule permits exclusion." *United States v. Edouard*, 485 F.3d 1324, 1346 (11th Cir. 2007) (quoting *United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983) (emphasis added) (brackets omitted).

Although time is not an essential element of an offense as long as the government establishes that the conduct occurred reasonably near the date that the indictment mentions, *United States v. Pope*, 132 F.3d 684, 688-89 (11th Cir. 1998), this applies only to proof of any date before the return of the indictment and within the statute of limitations. *Russell v. United States*, 429 F.2d 237, 238 (5th Cir.

1970).[1]  "[A]fter an indictment has been returned, its charges may not be broadened through amendment except by the grand jury itself." *United States v. Artrip*, 942 F.2d 1568, 1570 (11th Cir. 1991) (quotation marks omitted). "Conviction on the basis of a modification of an essential element not charged by the grand jury constitutes reversible error." *Id.* (reversing conviction where government presented evidence that enlarged the charges in the indictment).

Here, the drug incident challenged by Sellers occurred one day after the return of the indictment.  Because the incident was not an essential element and did not broaden the charges, but was merely intrinsic evidence of an uncharged offense which arose out of the same transaction or series of transactions and was inextricably intertwined with the evidence regarding the conspiracy and substantive offenses, we conclude that Rule 404(b) did not apply.  Because the evidence was relevant, as it made the existence of Sellers's participation in the conspiracy more likely, and was not unfairly prejudicial, considering that it clearly demonstrated Sellers's drug dealing, and the jury was entitled to judge the credibility of the testifying deputy and Sellers's co-conspirator witnesses, we conclude that  admission of this evidence by the district court was not an abuse of

---

[1] Decisions of the Fifth Circuit, handed down prior to close of business on September 30, 1981, are binding precedent.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209-10 (11th Cir. 1981).

discretion.

B.

We review a claim of material variance "viewing the evidence in the light most favorable to the government to determine whether a reasonable trier of fact could have found that a single conspiracy existed beyond a reasonable doubt." *United States v. Castro*, 89 F.3d 1443, 1450 (11th Cir. 1996).  A variance does not affect the elements of the crimes charged, but occurs when the facts proved at trial differ from those alleged in the indictment.  *United States v. Weissman*, 899 F.2d 1111, 1114 (11th Cir. 1990).  For a variance to be reversible error, the facts established at trial must "materially diverge from the facts in the indictment" and the defendant must suffer substantial prejudice as a result.  *Id.*

Whether a jury could have found a single conspiracy is determined by examining three factors: (1) whether a common goal existed; (2) the nature of the underlying scheme; and (3) the overlap of participants.  *United States v. Matthews*, 168 F.3d 1234, 1244 (11th Cir. 1999).  "A material variance between an indictment and the government's proof at trial occurs if the government proves multiple conspiracies under an indictment alleging only a single conspiracy."  *Castro*, 89 F.3d at 1450 (citing *Kotteakos v. United States*, 328 U.S. 750, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946)).  Nevertheless, in proving the existence of a conspiracy, the

9

government need not establish "that each conspirator agreed with every other conspirator, knew of his fellow conspirators, was aware of all of the details of the conspiracy, or contemplated participating in the same related crime." *Id.* at 1451 (holding that jury could have reasonably concluded that one common agreement existed for purposes of a RICO conspiracy). Furthermore, where the government sufficiently supports a single conspiracy charge, evidence of multiple conspiracies does not create a material variance, but, at most, entitles a defendant to a jury instruction on the possibility of multiple conspiracies. *United States v. Sutherland*, 656 F.2d 1181, 1189 n.5 (5th Cir. Unit A Sept. 1981) (holding that no evidence was presented that a single conspiracy existed).

Even if a material variance is established, the appellant must demonstrate substantial prejudice, which means that (1) the proof at trial differed so greatly from the charges that he was unfairly surprised and unable to prepare an adequate defense, or (2) so many defendants and separate conspiracies were presented to the jury that a substantial likelihood exists that the jury transferred proof of one conspiracy to a defendant involved in another. *United States v. Calderon*, 127 F.3d 1314, 1328 (11th Cir. 1997).

In *Kotteakos*, a single conspiracy was alleged, the government conceded that eight separate conspiracies were proven, no connection existed among the

conspirators aside from a single defendant who directed each group, and none of the conspiracies aided or benefitted from the others despite their similar objectives and common leadership. 328 U.S. at 755, 66 S. Ct. at 1243-44. In light of this, the Supreme Court reversed the convictions. *Id.* 328 U.S. at 777, 66 S. Ct. at 1253-54.

Here, the evidence sufficiently supported a single conspiracy conviction and, although multiple conspiracies may have plausibly existed, the jury received the requisite instruction, and a material variance did not result. Considering the overlap of participants and the common goal of buying and selling drugs, a jury could have found a single conspiracy, *see Matthews*, 168 F.3d at 1244, even if the government failed to prove that each conspirator was aware of all of the details of the conspiracy. *See Castro*, 89 F.3d at 1451. Even assuming *arguendo* that a material variance occurred, Phalo has not demonstrated substantial prejudice. *See Calderon*, 127 F.3d at 1328.

C.

When reviewing a sentence imposed by the district court, we normally must first ensure that the district court correctly calculated the guideline range. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). We review the district court's findings of fact for clear error and its application of the sentencing guidelines to those facts *de novo*. *United States v. Humber*, 255 F.3d 1308, 1311

11

(11th Cir. 2001). Whether the district court misapplied U.S.S.G. § 1B1.3 is a purely legal question reviewed *de novo*. *United States v. McCrimmon*, 362 F.3d 725, 728 (11th Cir. 2004). Whether a co-conspirator's actions were reasonably foreseeable is a question of fact that we review for clear error. *United States v. Cover*, 199 F.3d 1270, 1274 (11th Cir. 2000).

"A defendant is sentenced using the Guidelines Manual in effect at the time of sentencing, unless this would raise *ex post facto* concerns, in which case the defendant is sentenced using the Guidelines Manual in effect at the time the crime was committed." *United States v. Aviles*, 518 F.3d 1228, 1230 (11th Cir. 2008).

"When a defendant objects to a factual finding that is used in calculating his guideline sentence[,] the government bears the burden of establishing the disputed fact by a preponderance of the evidence." *United States v. Moriarty*, 429 F.3d 1012, 1022 (11th Cir. 2005) (citation & alteration omitted). Where the government does not present evidence to support a contested fact underlying the defendant's sentence, we are "obliged to vacate the sentence imposed and remand for resentencing." *United States v. Hall*, 349 F.3d 1320, 1325-26 (11th Cir. 2003) (vacating and remanding sentence where the government failed to establish facts during trial or sentencing to support a two-level enhancement for abuse of position of trust). Where a district court fails to make findings of fact sufficient to permit

12

meaningful appellate review, however, we will vacate a sentence and remand the case for the district court to do so in the first instance. *See, e.g., United States v. Mock*, 523 F.3d 1299, 1304 (11th Cir. 2008).

A sentencing court may consider acquitted conduct as long as the government proved the conduct relied upon by a preponderance of the evidence. *United States v. Barakat*, 130 F.3d 1448, 1452 (11th Cir. 1997). Furthermore, under the guidelines, relevant conduct includes:

> (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
>
> (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense . . . .

U.S.S.G. § 1B1.3(a)(1) (2006). "A 'jointly undertaken criminal activity' is a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy." U.S.S.G. § 1B1.3, comment. (n.2). A defendant is accountable for the conduct of others that was both in furtherance of the jointly undertaken criminal activity and reasonably

13

foreseeable in connection with that activity. *Id.* The scope of "jointly undertaken criminal activity" is not necessarily the same as the scope of the entire conspiracy, and relevant conduct may not be the same for each participant. *Id.* In determining the defendant's accountability for the conduct of others, the court must first determine the scope of the criminal activity the defendant agreed to jointly undertake. *Id.* "With respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." *Id.*

A district court misapplies U.S.S.G. § 1B1.3 when it fails to make particularized findings as to the scope of criminal activity undertaken by the defendant. *United States v. Hunter*, 323 F.3d 1314, 1316, 1319 (11th Cir. 2003). Only after making such findings should the court determine reasonable foreseeability. *Id.* at 1319 (holding that the district court erred by failing to do so). Under the guidelines, even if the defendant knows about the larger operation, and has agreed to perform a particular act, the acquiescence in the acts of the criminal enterprise as a whole is not automatically established. *Id.* at 1320.

Under U.S.S.G. § 3B1.1(b), a three-level enhancement to the defendant's

14

base offense level is proper if the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive. A "participant" is criminally responsible for the offense, but need not have been convicted. U.S.S.G. § 3B1.1, comment. (n.1). The defendant need only have managed or supervised one of the participants. *Id.*, comment. (n.2).

After determining that the district court correctly calculated the guidelines, the court then reviews the sentence for reasonableness in light of the 18 U.S.C. § 3553(a) factors and must determine whether the sentence fails to achieve the purposes of sentencing set forth in that statute. *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006). Reasonableness review is "deferential," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We have noted that

> [w]e do not in this circuit presume reasonable a sentence within the properly calculated Guidelines range. Recently, however, the U.S. Supreme Court upheld other circuits' decisions affording such a presumption, noting that a sentence, independently calculated by the district court in accordance with [*United States v.*] *Booker*, [543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)], that falls within the properly calculated Guidelines range

15

"significantly increases the likelihood that the sentence is a reasonable one."

*United States v. Campbell*, 491 F.3d 1306, 1313-14 (11th Cir. 2007) (citation omitted) (citing *Rita v. United States*, 551 U.S. —, 127 S. Ct. 2456, 2462-63, 168 L. Ed. 2d 203 (2007)). Recently, the Supreme Court clarified that "courts of appeal must review all sentences--whether inside, just outside, or significantly outside the Guidelines range--under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. —, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). When conducting this review, the totality of the circumstances is to be considered. *Id.* at 597.

A guideline sentence may be reviewed for procedural or substantive unreasonableness. *United States v. Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). A sentence is procedurally unreasonable if it is based on clearly erroneous facts or the guidelines range is improperly calculated. *See Gall*, 128 S. Ct. at 597; *Hunt*, 459 F.3d at 1182 n.3. A sentence may be substantively unreasonable even if it is procedurally reasonable. *Hunt*, 459 F.3d at 1182 n.3.

Under § 3553(a), a sentencing court is charged with imposing a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, afford deterrence, protect the public from further crimes of the defendant, and provide the defendant with educational or vocational training, medical care or

16

other treatment. A court shall consider, *inter alia*, (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, deter criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the sentencing guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The district court need not recite a laundry list of the § 3553(a) factors; some indication in the record that the court adequately and properly considered the applicable advisory guideline range and the § 3553(a) sentencing factors is sufficient. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

Where a district court has indicated that it would have imposed the same sentence regardless of a particular guidelines calculation, however, we may decline to decide a disputed guideline issue or remand the case for new sentence proceedings where the guideline error, if any, did not affect the ultimate sentence imposed. *See United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006).

17

Under such circumstances, we will, if necessary, proceed to examine whether the defendant's sentence is reasonable in light of the guidelines range calculated without the procedural Guidelines error. *Id.* at 1349-50.

Here, although the district court found that each defendant was responsible for at least 1.5 kilograms of cocaine base, it did not make particularized findings as to their responsibility for each individual drug deal, the amounts attributed to transactions resulting from co-conspirators' jointly undertaken criminal activity, or the foreseeability of the latter acts. *See Hunter*, 323 F.3d at 1319.[2]  Nevertheless, with respect to Phalo and Clinton, the district court's statement that the same sentence would have been imposed regardless of the guideline calculations means that any error did not affect the sentence. *See Keene*, 470 F.3d at 1349.  Their sentences - 292 months and 240 months, respectively - were also reasonable, considering the serious nature of the offenses and because the repeated instances of misconduct illustrated a need to deter future transgressions.  With respect to Sellers, however, the district court's failure to make particularized findings mandates that we vacate his total sentence and remand for resentencing, so that the district court can make specific findings in support of its drug amount

---

[2] Clinton's leadership enhancement was not clearly erroneous, considering that the criminal activity involved more than five participants and, *inter alia*, Clinton instructed others to drive him to a drug deal. *See Humber*, 255 F.3d at 1311.

determination, consistent with the foregoing.

Finally, with respect to Phalo, we also note that because the November 2007 guidelines were not yet in effect at the time of his sentencing, the district court did not err in failing to use them.

Accordingly, we affirm the convictions of Phalo, Clinton, and Sellers; affirm the sentences of Phalo and Clinton; but vacate Sellers's sentences and remand his case for resentencing consistent with this opinion.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**